Hon. YOUNG J. POPE, Chief Justice.
Hon. EUGENE B. GARY, Associate Justice.
Hon. IRA B. JONES, Associate Justice.
Hon. C. A. WOODS, Associate Justice.

## WYSONG v. SEABOARD AIR LINE RY.

1. Laws of Georgia—Master and Servant—Nonsuit—Appliances.— Under the Code of Georgia providing that a servant cannot recover for defect in appliances of which he knew or had equal means with master of knowing and requiring him to use due diligence to ascertain defects, there is some evidence here to show that the lubricator may have had defects, known to the master which the servant did not know, did not have equal means of knowing with the master, and could not have ascertained by ordinary care.

2. Punitive Damages.—Proof that a lubricator exploded because of a defective glass, in that it was not sufficient to sustain the steam pressure, that a newer and better one had been recently introduced, but not in general use, that the glass was of the highest quality and had been in general use for a long time, will not warrant a verdict for punitive damages.

1—74

3. MASTER AND SERVANT—APPLIANCES.—THE GEORGIA CODE requires a servant to show affirmatively as a condition of recovery for injury from defective appliances that he could not have known of the defect by exercise of ordinary care.

4. REPLY—SURREBUTTAL.—EVIDENCE by defendant in surrebuttal is within discretion of trial Judge, and not admissible unless objection be made that evidence in reply sought to be replied to was not in reply.

Before KLUGH, J., Abbeville, special May term, 1905. Reversed.

Action by Rufus C. Wysong against Seaboard Air Line Railway. From judgment for plaintiff, defendant appeals.

*Messrs. J. L. Glenn, Wm. P. Greene* and *Frank B. Gary,* for appellant.

*Mr. Greene* cites: *Proof is that plaintiff was using an appliance known by him to be defective and under laws of Ga. he could not recover:* 117 Ga., 47; 70 Ga., 566;; 88 Ga., 225; 68 Ga., 699; 42 S. E., 737; Elliott on R. R., Sec. 1293; 29 S. W., 544. *The trial Judge should have charged that the evidence did not warrant punitive damages:* 69 S. C., 453; 60 S. C., 67; 72 S. C., 411. *Servant cannot recover under Georgia law for injuries from latent defect in appliances, if he had equal means with master of knowing same:* 115 Ga., 624.

*Mr. Gary* cites: *Trial Judge should have granted nonsuit as to the cause of action for punitive damages:* 66 S. C., 256; 69 S. C., 529; 72 S. C., 402. *Under Georgia law, knowledge and voluntary use of defective appliance by servant defeats recovery:* 115 Ga., 542, 934; 116 Ga., 441. *Cartlege* v. *Mfg. Co.,* 120 Ga.; 58 Ga., 490; 55 Ga., 133; 50 Ga., 465.

*Messrs. Ellis G. Graydon* and *Wm. N. Graydon,* contra. The former cites: *It is duty of master to select and furnish*

*proper appliances*: 15 S. C., 443; 18 S. C., 262, 275; 61 S. C., 468. *Evil intent may be inferred from doing an act recklessly and wantonly*: 60 S. C., 67; 70 S. C., 1; 72 S. C., 1.

Mr. *Wm. N. Graydon* cites: *The rules of evidence to be applied in trial of a case are those of the lex fori:* 22 Ency., 2 ed., 1383, 1384, 1385; 13 Pet., 378; 106 U. S., 124; 154 U. S., 190; 1 Rich. Eq., 187. *Where the testimony is close to the dividing line it is error to charge there is no evidence to support an issue:* 65 S. C., 123, 440; 72 S. C., 256; 35 S. C., 493. *Evidence in surrebuttal properly ruled out*: 25 S. C., 148; 2 McC., 161; 3 Wait. Prac., 124. *Punitive damages are given to punish defendant and to deter others:* 13 Cyc., 106; 51 S. C., 303; 52 S. C., 344; 35 S. C., 493; 34 S. C., 311.

April 2, 1906.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   The plaintiff lost an eye from the explosion of a glass lubricator attached to a locomotive which he was running for the defendant railroad company as engine-man.   He recovered judgment for damages on the following allegations of breach of duty on the part of defendant: "That the said defendant did not use due care in selecting for the use of the plaintiff on the said engine a suitable and safe lubricator, but on the contrary, with gross negligence, carelessness, wilfulness, wantonness and recklessness, selected for the use of the plaintiff and furnished the said engine with an unsuitable, defective and unsafe lubricator, it being unsuitable, defective and unsafe in the following particulars, to wit:

"a. In that the aforesaid glass tubes of the said lubricator were not thick enough and strong enough to withstand the steam pressure of about two hundred and ten pounds to the square inch placed thereon, and the said defendant might by the exercise of due care have known and did know that

the said glass tubes were not thick enough and strong enough to withstand the said steam pressure.

"b. In that the said glass tubes of the said lubricator were not each molded in a solid piece, but were made by filing them off from long pieces of water tubes, thus leaving the ends uneven and easy to break by the enormous steam pressure necessarily placed upon them, and the said defendant might by the exercise of due care have known and did know that the said glass tubes on the said lubricator were not properly made and that they were defective, unsafe and dangerous to the plaintiff.

"That the said defendant well knew that the said lubricator was defective and unsafe, an explosion similar to the one hereinafter described having occurred with it before the time hereinafter mentioned, but the plaintiff did not know it was either defective or unsafe until after he received the injury hereinafter mentioned."

The accident having happened in the State of Georgia, it is agreed by both parties that their rights and liabilities are fixed by the following sections of the Georgia Code:

No. 2323. *Injury by co-employee.* "If the person injured is himself an employee of the company, and the damage was caused by another employee, and without fault or negligence on the part of the person injured, his employment by the company shall be no bar to his recovery."

No. 2611. *Duty of Master.* "The master is bound to exercise ordinary care in the selection of servants, and not to retain them after knowledge of incompetency; he must use like care in furnishing machinery equal in kind to that in general use, and reasonably safe for all persons who operate it with ordinary care and diligence. If there are latent defects in machinery, or dangers incident to an employment unknown to the servant, of which the master knows, or ought to know, he must give the servant warning in respect thereto."

No. 2612. *Duty of Servant.* "A servant assumes the ordinary risks of his employment, and is bound to exercise

his own skill and diligence to protect himself. In suits for injuries arising from the negligence of the master in failing to comply wth the dutes imposed by the preceding section, it must appear that the master knew or ought to have known of the incompetency of the other servant, or of the defects or danger in the machinery supplied; and it must also appear that the servant injured did not know and had not equal means of knowing such fact, and by the exercise of ordinary care could not have known thereof."

The exceptions alleging error in refusing to grant a motion for nonsuit cannot be sustained even under the Georgia statute. As there is to be a new trial, we refrain from any analysis of the testimony, but there was some evidence of defects in the lubricator to which the explosion might be attributed, and these defects were of such character that the jury might infer they should have been known to the defendant, and yet that the plaintiff did not know of them and did not have equal means with the defendant of knowing them, and could not have known them by the exercise of ordinary care. The plaintiff might have known at the time of the accident there was a better lubricator in use or that a shield would have made the lubricator absolutely safe, but the Court could not say as a matter of law his suit should fail for this reason, because at the time, even exercising the caution of a prudent man, he might have regarded the lubricator reasonably safe. The servant in this regard is charged with no greater diligence and prudence than that which is exacted of the master. Nor can the Court say as a matter of law that the plaintiff because he used the lubricator had equal means with the defendant who furnished it of knowing any defects in it. These were all questions for the jury.

A careful scrutiny of the entire case, however, fails to disclose any basis for punitive damages. Lubricators like this, it was admitted on all hands, had been in general use for a long time, and the new and improved bull's-eye type had been introduced only a short time before the acci-

dent, and was not in general use. The evidence was undis-puted that the glass of which the lubricator was made was of the highest quality. While there was some evi-dence that the defendant had lubricators cut from long tubes, and that this made the ends rough and less capable of resist-ing the pressure to which they were subjected than lubrica-tors with smooth ends, and that the glass was too thin to resist the pressure; yet all this was a matter of opinion only and the evidence clearly shows there was reasonable ground for the defendant to entertain a different view as to the quality and fitness of the lubricator and regard it reasonably safe. There was nothing to show conscious failure to observe due care, and the Circuit Court erred in refusing to charge the jury there was no evidence of wilfulness, wanton-ness or recklessness which would entitle the plaintiff to puni-tive damages. It follows all the exceptions to the other por-tions of the charge relating to punitive damages must also be sustained.

Any detailed discussion of the numerous exceptions to the charge of the Circuit Judge, alleging errors in failing prop-erly to distinguish between the laws of Georgia and South Carolina, would be useless and would unreasonably extend this opinion.

While the charge would probably have been clearer, if it had been merely a statement of the law of Georgia applica-ble to the case, without any attempt to indicate the differ-ence between it and the law of this State, the follow-ing extract from the charge will show that the jury were correctly instructed as to the Georgia statute fix-ing the rights and liabilities growing out of the relation of master and servant, except in one particular: "Now, in this case, like all cases in Court, the burden is on the plaintiff to prove the facts, where the facts are denied, upon which he relies to recover, and if he relies upon the failure of the em-ployer, the railroad company, to furnish a suitable and safe appliance, he must show that the appliance was not suitable and safe, and go further than that, and show that the rail-

road company either knew, or ought to have known, that it was defective and dangerous. And he must still go further, under the law of Georgia, and show that he was ignorant, as he alleges in the complaint that he was, of the defect or danger, and that he had not equal means with the defendant of knowing that the appliance was defective or dangerous. That is the burden upon the plaintiff to prove, and if he has established those facts by the preponderance of the evidence, then he is entitled to recover damages for his injuries. On the other hand, if, as alleged in the answer, it appears that the plaintiff either knew, or had equal means of knowing with the railroad company, that the appliance was defective or dangerous, and went on and used it, regardless of that knowledge, then that would defeat his right to recover from the railroad company in damages for his injuries. *But if it appears by the preponderance of the evidence that the plaintiff failed to use ordinary skill and diligence as the law of the State of Georgia requires him to use,* and that he was injured by reason of his failure to use his skill and diligence, and that his injury resulted because of his failure to be skillful and diligent, then that would defeat his right to recover." It is apparent from the sentence we have italicized the Circuit Court placed on the defendant the burden of showing that the servant did not use ordinary care in discovering any defect in the machinery; whereas, the Georgia statute requires that it should affirmatively appear as a condition of recovery that the servant could not have known of the defect by the exercise of ordinary care. *Delay* v. *Ry. Co.,* 115 Ga., 934; *Western & A. R. R. Co.* v. *Moran,* 116 Ga., 441; *Manchester Mfg. Co.* v. *Polk,* 115 Ga., 542. This was an erroneous instruction on a vital issue in the cause.

The ninth exception is as follows: "Because his Honor erred in refusing at the close of plaintiff's testimony in reply, to allow the defendant to offer in evidence the papers containing reports of the plaintiff on the condition of his engine prior to the accident, when it is submitted that plantiff having gone on the stand in reply and

testified that he had never had a lubricator to break on engine No. 679, it was competent for the defendant to rebut such testimony by offering in evidence his reports as to the same made to the company prior to the accident. It is submitted that his Honor abused his discretion in this regard in not allowing such testimony, and it is further submitted that he was in error in holding that such testimony was not competent." No objection was made to the evidence referred to in the exception on the ground that it was not in reply, and it was not an abuse of discretion to refuse to allow the defendant to introduce further evidence on the point.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and that the cause be remanded to that Court for a new trial.