### 7071

### THAMES v. ROUSE.

1. WAIVER.—The testimony in this case sustains the finding by the Circuit Judge that the right to insist upon his passing on objections interposed to the evidence taken in the probate court was waived.

2. WILL—APPEAL.—Findings of fact on circuit on issue of will or no will are not reviewable on appeal.

3. IBID.—THE BURDEN of proving the execution of a will is on the proponent, but when he has made out a *prima facie* case, it shifts to him who alleges the execution of the will was a forgery, and the Circuit Court is found to have so held in this case.
*Court is divided on last proposition.*

4. REHEARING refused.

Before MEMMINGER, J., Barnwell, December, 1907. Affirmed.

Proceeding in the probate court of Barnwell county by James F. Thames and P. H. Mears against M. D. Rouse and others to establish the will of W. H. Mears.

From Circuit decree reversing judgment of probate court, contestants appeal.

*Messrs. B. H. Hiers, Howell & Gruber* and *W. S. Tillinghast,* for appellant.

*Messrs. Howell & Gruber* cite: *Are the findings on circuit reviewable here?* 3 S. C., 544; 2 DeS., 313, 342; 4 Rich. Eq., 48; 12 Rich. Eq., 203; 13 S. C., 37; 18 S. C., 198; 20 S. C., 471; 74 S. C., 191; 33 S. C., 54; 4 McC., 219; 35

S. C., 420; 74 S. C., 189. *Burden of proof:* 15 Ency. P. & P., 406; 23 Ency., 131; 2 Rice on Ev., sec. 482; 1 N. & McC., 198; 5 Ency., 39.

*Messrs. W. B. de Loach* and *Bates & Simms,* contra, cite: *Circuit Judge in case like this not bound to rule on competency of evidence:* 42 S. C., 437; 58 S. C., 1. *Findings below are final here:* 58 S. C., 1; 74 S. C., 189.

The opinion in this case was filed September 4th, but remittitur held up on petition for rehearing until

November 26, 1908. The opinion of the Court was delivered by

MR. JUSTICE GARY. This case was commenced in the court of probate, where it was adjudged that the will in dispute was genuine and not a forgery.

There was an appeal to the Circuit Court, which sustained the will and dismissed the appeal, whereupon the defendants appealed to this Court.

While the exceptions are numerous, the appellants' attorneys have grouped them under three heads, which present all the questions involved.

The first of these is: "That the Circuit Judge erred, in refusing to pass upon the objections, noted to portions of the testimony, as taken before the probate court."

The order out of which this question arose was as follows: "Attorneys for both parties in the above entitled case agreeing: It is ordered, that the said case be tried by this Court, on the testimony taken by the probate judge herein." All the testimony introduced before the probate judge, was not reduced to writing, and the said order could not have been carried into effect, if his Honor, the Circuit Judge, was compelled to pass upon the objections to the testimony, taken by the probate judge. This fact and others mentioned by the Circuit Judge, induced him to reach

the conclusion that the right to insist upon said objections was waived, and this finding is fully sustained by the testimony.

The next assignment is, that his Honor, the Circuit Judge, erred: "In holding and deciding, that the alleged will was genuine—the overwhelming weight of the proof showing that it was a forgery, and, as such, null and void."

The cases of *Myers* v. *O'Hanlon,* 12 Rich. Eq., 196, and *In re Solomons' Estate,* 74 S. C., 189, 53 S. E., 170, are conclusive of this question, as they show that the issue of will or no will, both as to real and personal property, is legal in its nature, and therefore not reviewable by this Court.

The last question presented is: "That the Circuit Judge was in error in holding and deciding, that the law placed the burden upon the appellants, to prove that the alleged will was fraudulent and a forgery."

After discussing, somewhat at length, the presumption in favor of the validity of a will, the presiding Judge concluded as follows: "However this may be, the law properly places the burden of proving fraud upon those who charge it; respondents here charge fraud and forgery against the will; they must satisfy the Court of it, by something more than mere romance and suspicion." The principle that the burden is upon the party alleging the validity of the will, is so well settled, as to render citation of authority unnecessary.

On the other hand, it is also true as a general rule, that he who alleges fraud takes upon himself the burden of proving it. The effect, however, of alleging the fraud, did not shift the burden of proof from the petitioners, as to the validity of the will, but to enable the defendants to introduce testimony as to those matters, concerning which they might otherwise have been precluded. In other words, the defendants were not required to establish the allegations of fraud, until the petitioners made out a *prima facie* case, showing

that there was a compliance with the requirements of law, in the execution of the will. The ruling of the Circuit Judge deprived the defendants of the right to rely upon the fact that the petitioners had not made out, in the first instance, a *prima facie* case.

If this was a case in chancery, the Court would have the power to determine the facts, and grant relief even when there was an erroneous ruling upon a question of law. But as the issue is of a legal nature, and there was an erroneous ruling upon a question involving a substantial right, the appeal must be sustained.

The foregoing are the views of two members of the Court, but as the other two members are of the opinion that there was no reversible error the judgment of the Circuit Court is affirmed.

MR. JUSTICE JONES. I concur in the views of MR. JUSTICE GARY, except on the question whether Judge Memminger improperly placed the burden of proof in this case, as to which I dissent.

There is no doubt of the general proposition that the burden of proof rests on the proponent of a will to show its due execution, but when the proponent has made out a *prima facie* case the burden shifts to the contestants until they have overthrown the *prima facie* case. G. Varn, one of the witnesses to the will, testified that the testator subscribed his name to the will in the presence of Franklin Johnson, B. T. Lawton and witness, and that these witnesses in the presence of testator and each other, subscribed their names thereto as witnesses, and that said Johnson and Lawton were dead and their signatures were genuine. This was *prima facie* evidence that the testator did execute the will in the presence of the witnesses thereto. Sec. 2492, vol. I, Civil Code.

The contestants, however, charged fraud and forgery. While this charge did not shift the burden of proof to contestants, the *prima facie* evidence in support of the will did.

This is all that can fairly be deduced from the language of the Court construed with the whole decree. Judge Memminger expressly declined to indulge any presumption in favor of the execution of the will, and discussed at some length the evidence by which it was sought to overthrow the *prima facie* case made by the proponents, and used this language: "Finally, it appears to me that the case for contestants has entirely failed and wholly lacks convincing strength, whereas the case for the will is sufficiently made out."

The judgment of the Circuit Court should be affirmed.

MR. JUSTICE WOODS. The issue in this case was not whether the making of the will had been procured by fraud or undue influence, but whether the deceased, William H. Mears, had ever signed the paper offered as his will, the allegation of the contestants being that the signature was forged. The authorities as to the burden of proof in contests over wills are irreconcilable. The rule which seems most reasonable is that the burden of proving the execution is, and always remains on him who offers the paper as a will. But when the execution is admitted, or proved by the preponderance of the evidence, and the issue is whether the will was obtained by fraud or undue influence, then, as in other cases, the burden of proving the fraud or undue influence by the preponderance of the evidence, rests on him who charges it. The question in this case being whether the paper was ever executed at all, the burden remained throughout on the proponents.

The following language used in the decree in opening the discussion of the evidence does not seem to accord with the distinction just stated: "However this may be, the law properly places the burden of proving fraud upon those who charge it; respondents here charge fraud and forgery against the will, they must satisfy the Court of it by something more than mere romance and suspicion." But at the conclusion of the discussion, the Circuit Judge distinctly

holds that "the case for contestants has entirely failed and wholly lacks convincing strength, whereas the case for the will is sufficiently made out." This language does not admit of any other construction than that the conclusion of the Circuit Judge from all the evidence was that the proponents had proved the execution of the will, and that the evidence offered against it had not been sufficient to alter or overcome this conclusion.

I think for this reason, the judgment should be affirmed.

