## 9015

### SMITH v. UNION-BUFFALO MILLS CO.

(84 S. E. 422.)

MASTER AND SERVANT. WITNESSES. EVIDENCE. APPEAL AND ERROR.

1. WITNESSES—EXAMINATION—"LEADING QUESTION."—A question, which does not suggest to the witness an answer either in the affirmative or negative, is not a "leading question."
2. APPEAL AND ERROR—DISCRETION OF TRIAL COURT—LEADING QUESTION.—Allowance of leading questions rest in the discretion of the trial Court, and its action will not be disturbed unless the discretion has been abused to the prejudice of the party complaining.
3. APPEAL AND ERROR—RULINGS ON EVIDENCE—OBJECTIONS—SPECIFICATION OF GROUNDS.—Where the record does not show any specific ground of objection urged below to the admission of evidence or any specific ground on which the Court rested its ruling, the ruling is not reviewable.
4. APPEAL AND ERROR—HARMLESS ERROR—ERRONEOUS ADMISSION OF EVIDENCE.—A party cannot complain of the admission of evidence to prove facts shown by his subsequent cross-examination of witnesses.
5. APPEAL AND ERROR—TRIAL—ORDER OF PROOF—DISCRETION OF COURT.—The admission of testimony in reply rests largely in the discretion of the trial Court, and the Court on appeal will not interfere unless there has been an erroneous exercise of discretion.

Before Moore, J., Union, September, 1914.　Affirmed.

Action by Pearl Smith, by her guardian *ad litem*, W. S. Smith, against the Union-Buffalo Mills Company.　From a judgment for plaintiff, defendant appeals on the following exceptions:

I. Because his Honor erred in admitting testimony of the plaintiff and her witnesses, over the objection of defendant's counsel, in the following particulars:

(a) Redirect examination of the plaintiff:

"Q. Miss Pearl, as I understand you to answer counsel, you knew that the wheels as they went around would grind your finger if it got in there; that was what you told counsel, but did you think there was any danger in cleaning in and around that machinery after Mr. Lee told you to do it?

Mr. Sawyer objects, on the ground that the question is leading.

Q. State whether or not you thought there was any danger in cleaning that machinery after he had directed you to do it?

Objection by Mr. Sawyer, on the ground that the question is leading.

The Court: I think that is all right, but he might say state the facts.　I can't see that it suggests the answer.　He is bound to direct her attention to the point as to which he wants her to state the facts.

Exception by Mr. Sawyer.

Q. Now, state whether or not after he had directed you to clean off the machinery you thought there was any danger in cleaning around those gear caps in the way you were cleaning?　A. Not after he told us to."

(b) Redirect examination of the plaintiff:

"Q. Did he, or not, at the same time he told you to do this, did he or not tell other little girls working along there where you were to do the same thing?

Objection by Mr. Sawyer.

Q. Did he or not give the same order to several of you?
A. Yes, sir.

Objection by Mr. Sawyer.

Q. How many were present, Miss Pearl, at the time he gave these instructions to clean off machinery; about how many, and who were they?   A. Laura Smith.   My sister said he told her too.

Objection by Mr. Sawyer.   Objection sustained.

Q. Was there anybody else present at the time he gave you the instructions?   A. Wasn't anybody else with me."

(c) In allowing the witness, Lybrand, to testify, over defendant's objection, that he didn't see any necessity for the opening in the rear of the cap covering the gearing; it being respectfully submitted that same was expressing an opinion of the witness as to whether or not the machinery was reasonably safe, and was greatly prejudicial to the defendant's case.

(d) In allowing the witness, Lillie Belle Deyton, for the plaintiff called in reply, to testify, over defendant's objection, as to what she understood the witness, Lee, to mean by stopping time, and what the help generally understood stopping time to mean.

II. Because his Honor erred in his refusal to grant a nonsuit upon the whole case, urged at the close of plaintiff's testimony in chief, upon the ground that the testimony shows conclusively that the injury sustained by the plaintiff, if any, was due to her acts which were in direct violation of the rules of the mills (the defendant) and which she knew, having worked there for two years, and being warned from time to time not to clean this machinery while in motion; it being respectfully submitted that there was no testimony to show negligence on the part of the defendant; and that if she received any injury same was due to the plaintiff's negligence in inserting her hand in the opening, even if she was told to clean off the cap, as she testified; it being respectfully submitted that there was no testimony

whatever to sustain the allegations of negligence on the part of the defendant; and that his Honor erred in not granting a motion for a nonsuit generally.

III. Because his Honor erred in refusing to grant a new trial upon the grounds urged by the defendant, which were as follows:

"1. That the verdict is contrary to the law and the evidence, and is not sustained by the evidence, in that, while the complaint alleges that the plaintiff was commanded to clean the dust and lint from the gears while the machinery was in motion, the testimony of the plaintiff was that the employees had to clean off the gears every Saturday after stopping time; and that Andrew Lee told her to clean off while running. This is not only denied by all the defendant's evidence, but it is not supported by any other witness of the plaintiff; and the plaintiff finally admitted that she was not told to get the cotton or lint out of the cap where the gears were. It is, therefore, respectfully submitted that even if she was told to clean the machinery while running she was not directed to insert her hand under the cap to get out the piece of cotton, which she says she was doing when injured. Therefore, the injury was the result of her deliberate act voluntarily done.

"2. The plaintiff testified that while attempting to clean the machinery while running she saw a piece of cotton under the cap where the gearing is and that she reached her hand under the cap from the rear to remove the piece of cotton and was injured. It is respectfully submitted that there was no attempt to prove that she was told to insert her hand in this opening under any circumstances; that even if she had a right to construe what she says were her orders to clean the machinery while running as orders to clean the gearing, that to insert the hand in the opening in the rear was not the proper way to clean the gearing, but to clean same would require the raising of the cap from the front; and, therefore, her act in inserting her hand in the opening .

in the rear was not carrying out her claimed orders, but was a negligent act on her part voluntarily and deliberately done."

*Messrs. Elliott & Herbert* and *J. Ashby Sawyer,* for appellant, submit: *Lybrand's testimony was both incompetent and prejudicial:* 79 S. C. 250, 297.

*Messrs. Barron & Barron* and *Wallace & Barron,* for respondent, submit: *Questions not leading:* 82 S. C. 392; 65 S. C. 1., *Discretionary:* 66 S. C. 61. *Grounds of objection were not stated:* 59 S. C. 232. *Testimony brought out by appellant from other witnesses:* 72 S. C. 424. *Negligence was question for jury:* 70 S. C. 242. *Care due young and inexperienced operatives:* 76 S. C. 452. *Duty to warn:* 80 S. C. 567.

March 1, 1915.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This action was for actual and punitive damages by plaintiff against defendant for alleged personal injuries while in the employment of the defendant. The cause came on for trial at the September term of Court, 1914, for Union county, before his Honor, Judge Moore, and a jury. At the close of plaintiff's evidence, a motion was made by the defendant for a nonsuit, both as to actual and punitive damages, as no case had been made out. His Honor granted the motion as to punitive damages, which were not resisted, but refused it as to the other cause of action. The jury found a verdict in favor of the plaintiff for $150. A motion for a new trial was made by the defendant and refused. Whereupon, after entry of judgment, defendant appeals, and by three exceptions alleges reversible error on the part of the Circuit Court in admitting over objection on the part of defendant certain testimony, and in refusing

to grant a nonsuit as to the whole case, and in refusing to grant a new trial on the grounds urged.

As to exception 1, which complains of error as to the admission of certain evidence, we do not think it was leading, as it did not suggest an answer either in the affirmative or negative, and a great deal must necessarily be left to the wise discretion of the trial Judge, and his Honor stated the correct rule when he overruled the objection that the question was leading. It would not be a ground for reversal that a trial Judge allowed a leading question that suggested an answer, as it is largely left in the discretion of the trial Court how far he will permit a leading question, and the appellant would have to show an abuse of this discretion and that it was prejudicial.

The other subdivisions complained of must be overruled, as the record shows no specific ground of objection urged before the Circuit Court or the specific ground upon which the Court rested the ruling. *Allen* v. *Cooley,* 53 S. C. 80, 30 S. E. 721; *Id.,* 53 S. C. 414, 31 S. E. 634; *Norris* v. *Clinkscales,* 59 S. C. 243, 37 S. E. 821; *Colvin* v. *Oil Co.,* 66 S. C. 68, 44 S. E. 380

In addition to this, other witnesses, in response to questions of appellant, testified in reference to the same matters. We see no incompetent evidence admitted as complained of, and the appellant cannot complain, as the record shows he brought out the same facts practically on cross-examination, and his complaint as to the admission of certain testimony in reply cannot be sustained, as that is a matter largely in the discretion of the Court, and we see no erroneous exercise of discretion as to exceptions 2 and 3. There was sufficient evidence to carry the case to the jury and an abundance of evidence to sustain the verdict, and these exceptions are overruled.

Judgment affirmed.