7028.    SEABOARD AIR-LINE RAILWAY *v.* LYON.

BROYLES, J. 1. The case having proceeded to a verdict in favor of the plaintiff, and exception being taken to the overruling of a motion for a new trial, which embraces the general ground that the verdict was contrary to the evidence and without evidence to support it, this court, under repeated rulings, will not consider the assignment of error upon the refusal to award a nonsuit.

2. Under the facts as disclosed by the record, and especially the note of the trial judge, no error appears in the exclusion of testimony as complained of in the first ground of the amendment to the motion for a new trial.

3. There is no merit in the second ground of the amendment to the motion for a new trial. Where a plaintiff makes out a prima facie case, which is vigorously attacked by the defendant, it is not error to permit the plaintiff to introduce additional testimony to strengthen his case and to rebut the evidence of the defendant, although the same proof might have been introduced on the first examination. *Southern Railway Co.* v. *Clay,* 130 *Ga.* 563 (4) (61 S. E. 226), and cases cited.

4. The excerpt from the charge excepted to in the third ground of the amendment to the motion for a new trial is not an instruction of which the movant can complain. If erroneous at all, it was prejudicial to the plaintiff and not to the defendant.

5. Where long extracts from the charge are excepted to as being erroneous, the plaintiff in error must specify what parts of them are erroneous. If it is not done, and some parts are erroneous, a new trial will not be granted because of such exceptions. *Grace* v. *Martin,* 83 *Ga.* 245 (5), 254 (9 S. E. 841); *Seaboard Air-Line Ry.* v. *Barrow,* 18 *Ga. App.* 261. Under this ruling, the long excerpt from the charge, upon

which error is assigned in the fourth ground of the amendment to the motion for a new trial, can not be considered.

6. This court can not consider exceptions to the refusal of the trial judge to comply with written requests to charge, unless it is made to appear that they were tendered to the court before the jury retired to consider their verdict. *Shirley* v. *State*, 5 *Ga. App.* 611 (63 S. E. 583); *Seaboard Air-Line Ry.* v. *Barrow*, supra. In this case it does not appear that any of the requests to charge which were refused were so tendered to the court.

7. Under the facts of this case the verdict returned for the plaintiff ($11,600) is not so excessive as to justify the inference that it was induced by gross mistake, bias, or corrupt means. Civil Code, § 4399; *Murphy* v. *Meacham*, 1 *Ga. App.* 155 (57 S. E. 1046); *Merchants & Miners Trans. Co.* v. *Corcoran*, 4 *Ga. App.* 654 (62 S. E. 130); *Southern Ry. Co.* v. *Wright*, 6 *Ga. App.* 172 (64 S. E. 703).

8. Under the evidence adduced, whether the plaintiff exercised ordinary care was a question for the jury. There was some evidence that the plaintiff attempted to cross the track of the defendant company about one hundred and five feet in front of the approaching switch-engine, which was moving toward him at the rate of only two miles an hour. This authorized the jury to find that the plaintiff was exercising ordinary care. Likewise, it was for the jury to determine whether the plaintiff's injuries were caused by any negligence of the defendant; and there was some evidence to authorize their finding that they were.

9. The evidence supported the verdict, and there was no error in refusing a new trial. *Judgment affirmed.*

DECIDED JUNE 23, 1916. REHEARING DENIED JULY 6, 1916.

Action for damages; from city court of Atlanta—Judge Reid. October 9, 1915.

*W. G. Loving*, for plaintiff in error.

*Atkinson & Born*, contra.