## 9498.  STEPHENS v. THE STATE.

BLOODWORTH, J.  1. The demurrer to the accusation was properly over-
ruled.

2. "This court can not consider exceptions to the refusal of the trial
judge to comply with written requests to charge, unless it is made to
appear that they were tendered to the court before the jury retired
to consider the case. _Shirley_ v. _State_, 5 _Ga. App._ 611 (63 S. E. 583).
In this case it is not disclosed that the written requests to charge were
so tendered." _Seaboard Air-Line Ry._ v. _Barrow_, 18 _Ga. App._ 261 (4)
(89 S. E. 383); _Seaboard Air-Line Railway_ v. _Lyon_, 18 _Ga. App._ 266
(6), 267 (89 S. E. 384).

3. There was some evidence to support the verdict.

Judgment affirmed. _Broyles, P. J., and Harwell, J., concur._

DECIDED APRIL 2, 1918.

Accusation of misdemeanor; from city court of Monroe—Judge
Stone.  January 4, 1918.

The accusation charged Ray Stephens with "the offense of mis-
demeanor, decoying, persuading, and enticing" a farm laborer, for
that the defendant, on the 3d day of September, 1917, in Walton
county, Georgia, "by requesting and urging said Judge Broughton
to go home with him and work out a balance which he claimed
said Judge Broughton was due him, and by then and there includ-
ing [inducing?] said Judge Broughton to get into the car in the
possession of and being run by said Ray Stephens, did entice and
persuade and decoy and did thereby attempt to entice and per-
suade and decoy said Judge Broughton to leave the service of
J. H. Sorrells, his employer, the said Judge Broughton then and
there being the servant and farm laborer of J. H. Sorrells, em-
ployed as such under verbal contract beginning September 3d,
1917, and to continue of favor [?] and effect until said Judge
Broughton should have paid in work and labor the equivalent of
$56.05 at the rate of $15.00 per month, the said Judge Broughton
being then and there actually in the service of said J. H. Sorrells,
and the said Ray Stephens then and there knew that said Judge
Broughton was so employed; contrary to the laws of said State,"
etc.  The defendant demurred on the grounds that the accusa-
tion fails to charge any offense, and "fails to state any word or act
of incitement or inducement on the part of the defendant whereby
he influenced the will of the alleged servant so that the latter be-
came dissatisfied with his alleged employment and was allured
away."

*Rogers & Knox,* for plaintiff in error, cited, on the demurrer: Penal Code (1910), § 125; *Watson* v. *State,* 124 *Ga.* 454; *Hudgins* v. *State,* 126 *Ga.* 639, 642; *Broughton* v. *State,* 114 *Ga.* 34; *Solomon* v. *State,* 14 *Ga. App.* 115; *Johnson* v. *State,* 90 *Ga.* 441; *Brown* v. *State,* 116 *Ga.* 562; *Carter* v. *State,* 12 *Ga. App.* 432 (2); United States *v.* Hess, 124 U. S. 483; *McAllister* v. *State,* 122 *Ga.* 745-6.

*E. W. Roberts, solicitor,* contra, cited: Penal Code (1910), § 954; *Hudgins* v. *State,* supra; *Youmans* v. *State,* 7 *Ga. App.* 101 (4); *Holt* v. *State,* 5 *Ga. App.* 184 (1); *Bazemore* v. *State,* 121 *Ga.* 619; *Bright* v. *State,* 4 *Ga. App.* 333-6.