### 10446

### ANDERSON v. WALL.

#### (103 S. E. 562.)

1. WILLS—ORDER FRAMING ISSUE AS TO MENTAL CAPACITY HELD NOT TOO NARROW.—An order, framing issues in a will contest as to whether decedent was "mentally capable of making a will at the time the paper now offered as her will was made," *held* not erroneous, as being too narrow.

2. WILLS—STATEMENT OF JUDGE TRYING WILL CONTEST THAT QUESTIONS SUBMITTED HAD BEEN AGREED UPON HELD HARMLESS.—Where in a will contest the trial Judge announced to the jury that the questions as to whether testatrix signed the will, and, if so, whether she was fully informed as to its nature, had been agreed upon by consent on both sides, when such was not the fact, the error was harmless, particularly where appellants have failed to call the trial Court's attention thereto.

3. WILLS—BURDEN OF PROVING FRAUD, UNDUE INFLUENCE, OR OTHER OBJECTIONS STATED.—When the formal execution of a will is admitted or proved, a *prima facie* case is made out, and the burden is then on contestants to prove fraud, undue influence, incapacity, or other ground of objection, and this burden remains upon them to the end.

4. APPEAL AND ERROR—CONFLICTING INSTRUCTIONS, CHARGED AT APPELLANT'S REQUEST, CANNOT BE COMPLAINED OF BY HIM.—On appeal in a will contest, where appellants complained that the presiding Judge charged the requests of proponents and also those of contestants, and that these requests were conflicting, appellants cannot complain, where requests were more of a modification than a contradiction, since if the Court erred it was at their request.

5. WILLS—ORDER HELD MERELY A REFUSAL TO DIRECT VERDICT FOR PROPONENTS, WHICH DID NOT PRECLUDE MOTION BY CONTESTANTS FOR DIRECTED VERDICT.—In a will contest, where proponents asked the

presiding Judge to direct a verdict in favor of the will, which the Court refused, stating, "I will send the case to the jury," such statement was merely a refusal to direct verdict for proponent, and did not preclude contestants from moving for directed verdict.

6. WILLS—SUPREME COURT WILL NOT REVIEW DENIAL OF NEW TRIAL ON FACTS IN WILL CONTEST NOT WITHIN ITS JURISDICTION.—On appeal in a will contest, error in refusing a motion for new trial on the facts *held* not within the jurisdiction of the Supreme Court.

Before WILSON, J., Barnwell, December term, 1919. Affirmed.

Action by Lula E. Anderson in the probate Court to prove in solemn form the will of Sallie I. Hair. Upon the will being admitted to probate, M. O. Wall *et al.* appealed to the Circuit Court and a trial *de novo* on framed issues was had, which resulted in a verdict in favor of plaintiff. Defendants appeal.

*Messrs. Chas. Carroll Simms, A. H. Ninestein, J. O. Patterson, Jr.,* for appellants, cite: *Jury must decide if testatrix knew contents of will from preponderance of testimony:* 107 S. C. 57. *Execution of will naming stranger as beneficiary puts burden of proving validity thereof on such beneficiary:* 106 S. C. 81; 106 S. C. 328; 86 S. C. 472; 91 S. C. 487; 68 S. E. 924. *Also where testatrix had no independent advice:* 89 S. C. 364; 107 S. C. 470. *Declaration of testatrix admissible to show mental condition:* 7 Ann. Cas. 892, 596. *Where testatrix makes will contrary to previously expressed intention, in favor of those in a confidential relation, presumption of undue influence is raised:* 19 S. E. 113; 82 Va. 238.

*Messrs. Harley & Blatt* and *Brown & Bush,* for respondent, cite: *Statements by testatrix subsequent to execution of will properly excluded:* 49 S. C. 159; 2 Johns 31; Schouler on Wills, sec. 243; 2 Wharton Ev. 1010. *Also declarations prior to execution:* 180 U. S. 553. *Issues were unquestioned, although defendants had right to have new*

*issues framed:* 110 S. C. 357. *Objection comes too late:* 76 S. C. 507. *Test of undue influence:* 1 Rich. Law 80; 5 Strob. 156; 3 Strob. L. 552; 68 S. E. 1049; Cheves L. 37; Williams Exors. 33. *Charge should be considered in entirety, and if correct rule stated, inconsistency will not warrant reversal:* 103 S. E. 343; 95 S. C. 302. *Where no motion for directed verdict or nonsuit, and new trial is refused, facts are not reviewable on appeal:* 83 S. C. 200. *If testatrix lives long time after execution of will, in possession of faculties, presumption of validity and against undue influence is strengthened:* 4 Strob. 44.

June 28, 1920.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

Mrs. Sallie I. Hair, a childless widow, made her will in 1912, and died in 1917, leaving this will of force. In her will she gave all of her property to a friend, Mrs. Lula E. Anderson. Mrs. Hair left a number of near relatives, who contested the will. The will was admitted to probate by the Judge of probate of Barnwell county. The contestants appealed to the Court of Common Pleas. It was tried *de novo* before the Court of Common Pleas, with a jury. The jury found in favor of the will, and from the judgment entered on this verdict this appeal is taken. In due time the contestants moved before Judge Rice for an order framing issues.

The questions framed by Judge Rice are:

(1) Was the said Sallie I. Hair mentally capable of making a will at the time the paper now offered as her will was made?

(2) Did she sign the paper in question, now offered as her will, and, if so, was she fully informed as to the nature and contents of such paper before she signed same?

(3) Was the said Sallie I. Hair unduly influenced into making the will now offered as her last will and testament, under which Lula E. Anderson is made the sole beneficiary?

1. The contestants proposed six questions, all of which inquire as to the thoughts that were in the "mind and heart" of the testatrix. There was no contest as to the meaning or "intention" of the will. The objection to the questions framed by Judge Rice was that they restricted the scope of the inquiry. In trying the question of "Will or no will," the inquiry is narrow and should be restricted. We have not been referred to any precedent for so broad an inquiry as that proposed by the contestants, and no authority that condemns the questions prepared by Judge Rice. There was no error here.

2. Judge Wilson, who heard the case, announced to the jury that the questions submitted had been agreed upon by the counsel on both sides. The record shows that the questions had not been agreed upon, but the statement could not have affected the result. Besides this, the appellants should have called his Honor's attention to the inadvertent error, and, not having done so, cannot now complain. There was no reversible error here.

3. The third exception is: "Because his Honor erred in charging plaintiff's request without modification; whereas, he should have charged the jury in connection with said sixth request that where an aged and infirm person executed a will without consideration and in favor of a stranger in blood, and to the exclusion of near relatives in blood and affection, and without the benefit of independent advice and contrary to her previously declared purposes, then the *bona fides* of the will becomes an issue, and to be explained by the beneficiary, and the burden of proof shifts to the beneficiary to so establish its integrity by the greater weight of the evidence, and, failing, the will should be set aside.

In *Mordecai v. Canty*, 86 S. C. 477, 68 S. E. 1049, 1052, we find:

"Without undertaking to review the cases, the effect of the decisions of this Court upon that question is that when the formal execution of a will is admitted or proved, a *prima facie* case is made out; and, as a general rule, subject to some exceptions, the burden is then on the contestants to prove fraud, undue influence, incapacity, or other ground of objection to the will, and this burden remains upon them to the end."

This authority shows that this exception cannot be sustained. The fourth exception raises practically the same question, and must have the same answer.

4. The appellants complain that the presiding Judge charged the requests of the proponent and also those of the contestants, and, inasmuch as these requests to charge are conflicting, the jury was confused. This exception does not point out the point of conflict, as required by the rule, but, waiving that, the requests of the appellants were more of a modification than a contradiction If his Honor erred, it was at the request of appellants, and they cannot complain.

5. The proponent asked the presiding Judge to direct a verdict in favor of the will. His Honor said "No, I will send the case to the jury." The appellants complain that this ruling precluded the appellants from making a motion for the direction of a verdict on their part. This is due to a misapprehension of the effect of the ruling. His Honor simply said, in effect, I will not direct a verdict on behalf of the proponent. The appellants should have inquired as to the effect of the ruling. They did not, and cannot now, complain.

6. The last error complained of is that his Honor refused
a motion for a new trial on the facts. With that
question, this Court has no jurisdiction in any view
of the case.

The judgment is affirmed.