### GOETHE v. BROWNING *ET AL.*

#### (143 S. E., 362)

1. WILLS—STATUTE DOES NOT REQUIRE SEPARATE SHEETS COMPOSING WILL TO BE SIGNED BY TESTATOR AND ATTESTED AND SUBSCRIBED BY WITNESSES (CIV. CODE 1922, § 5336).—Civ. Code 1922, § 5336, does not require that separate sheets composing will be signed by testator and attested and subscribed by three witnesses, but will itself must be executed in accordance with formalities prescribed by statute.

2. WILLS—SEPARATE UNSIGNED SHEETS OF WILL MUST BE IDENTIFIED AT TIME OF EXECUTION OF WILL, OR UPON PROBATE THEREOF, BY ALL OR ANY OF ATTESTING WITNESSES.—Proof that unsigned sheets are part of will depends upon rules of evidence which require that separate unsigned sheets be identified at time of execution of will, or upon probate thereof, by all or any of attesting witnesses.

3. WILLS—WHETHER TWO SEPARATE SHEETS OF PAPER, ONE UNSIGNED, CONSTITUTED WILL OF TESTATRIX HELD FOR JURY, WHOSE FINDING SUPREME COURT CANNOT REVIEW.—Question whether two separate sheets, one of which was not signed, constituted will of testatrix *held* for jury, and, jury having found in favor of will, Supreme Court cannot review their findings.

4. WILLS—PERMITTING SUBSCRIBING WITNESS, TESTIFYING THAT PURPORTED WILL SIGNED IN HIS OFFICE WAS COMPOSED OF TWO SHEETS SUBMITTED TO JURY, TO EXAMINE WILL HELD NOT ERROR.—Per-

## 8     Goethe *v.* Browning *et al.*

mitting one of subscribing witnesses to will, testifying that purported will signed by testatrix in his office and attested and subscribed by himself and two other witnesses was composed of the two sheets submitted to jury as last will and testament of testatrix, to examine will *held* not error, since witness was not trying to refresh his memory as to contents of will or to give expert testimony, but was merely identifying papers.

5. APPEAL AND ERROR—DEFENDANTS CANNOT CLAIM COURT SHOULD HAVE GIVEN CERTAIN CHARGE WHERE THEY DID NOT REQUEST SAME WHEN ASKED AT CONCLUSION OF CHARGE IF THERE WAS ANYTHING FURTHER.—Contestants cannot claim that Court should have charged jury that, if there was ground for suspicion, then executor's proof should be clear to connect detached papers as will instead of charging that executor was required to prove case ,by preponderance of evidence, where they did not request such charge when asked at conclusion of Court's charge if there was anything further.

6. WILLS—GENERALLY, WHEN FORMAL EXECUTION OF WILL IS PROVED, PRIMA FACIE CASE IS MADE WARRANTING PROBATE, AND BURDEN OF PROOF IS THEN ON CONTESTANT.—General rule is that, when formal execution of will is admitted or proved, *prima facie* case is made out warranting probate of will, and burden of proof is then on contestant to prove fraud, undue influence, incapacity, or other *objection to will*, and this burden remains on him to end.

7. WILLS—WHERE FORMAL EXECUTION OF WILL WAS PROVED, BURDEN WAS ON CONTESTANTS TO PROVE THAT DETACHED SHEET WAS NOT PART OF WILL.—Where formal execution of will was proved, burden was on contestants to prove that detached unsigned sheet complained of was in fact not part of will.

8. TRIAL—INSTRUCTION IN WILL CASE THAT CASE MOSTLY RESTED ON EVIDENCE OF WHICH JURY WERE SOLE JUDGES HELD NOT ERROR.—In proceedings for probate of will, charge, "It is a case mostly resting upon evidence of which you are sole judges," *held* not erroneous, since it was proper to stress duty of jury.

9. EVIDENCE—WHERE WITNESS WAS ASKED IF SHE HAD CHANCE TO KNOW WHAT TESTATRIX'S PERSONAL FEELINGS WERE AS TO HUSBAND, COURT PROPERLY PREVENTED WITNESS FROM STATING CONCLUSIONS AND ALLOWED HER TO STATE FACTS.—Where witness was asked if she had chance to know what testatrix's personal feelings were as to her husband with regard, not to his affection,. but how she regarded him, Court properly prevented witness from stating conclusions and allowed her to state facts.

10. EVIDENCE—TESTIMONY REGARDING WHAT TESTATRIX SAID HER MOTHER HAD TOLD HER HELD INCOMPETENT AS HEARSAY.—In proceeding for probate of will, testimony regarding what testatrix told

witness about what testatrix's mother had told testatrix *held* incompetent as hearsay testimony.

11.  WILLS—WITNESS COULD TESTIFY REGARDING WHAT TESTATRIX STATED SHE INTENDED TO DO AS RESULT OF CONVERSATION SHE HAD WITH HER MOTHER.—In proceeding for probate of will, it was proper for witness to testify as to what testatrix stated she intended to do as result of conversation she had with her mother.

12.  APPEAL AND ERROR—TRIAL—ADMISSION OF EVIDENCE IN REPLY RESTS LARGELY IN TRIAL JUDGE'S DISCRETION, AND SUPREME COURT WILL NOT INTERFERE IN ABSENCE OF ABUSE THEREOF.—Admission of evidence in reply rests largely in discretion of trial Judge, and Supreme Court, on appeal, will not interfere unless there has been an abuse of discretion.

13.  TRIAL—IT IS NOT ABUSE OF DISCRETION TO ADMIT CUMULATIVE EVIDENCE AT CLOSE OF DEFENDANT'S CASE, ALTHOUGH IT DID NOT REPLY TO DEFENDANT'S EVIDENCE.—It is not an abuse of discretion for trial Judge to admit cumulative evidence at close of defendant's case, although it did not reply to defendant's evidence.

14.  TRIAL—WHERE PLAINTIFF MAKES OUT PRIMA FACIE CASE WHICH DEFENDANT ATTACKS, PLAINTIFF MAY INTRODUCE ADDITIONAL EVIDENCE WHICH WOULD HAVE BEEN ADMISSIBLE ON FIRST EXAMINATION.—Where plaintiff makes out *prima facie* case which defendant vigorously attacks, plaintiff may introduce additional evidence which would have been admissible on first examination.

15.  TRIAL—ADMISSION OF EVIDENCE IN SURREBUTTAL IS IN DISCRETION OF TRIAL JUDGE.—Admission of evidence in surrebuttal is very much in discretion of trial Judge.

16.  TRIAL—COURT DID NOT ABUSE DISCRETION IN LIMITING WITNESS' ANSWER IN TESTIFYING IN SURREBUTTAL, TO ANSWER "YES OR NO."—In will case, where defendant's witness was asked in surrebuttal whether or not she and her husband had done things which plaintiff's witness had testified that they had done, trial Judge did not abuse discretion in limiting her evidence to answer "yes or no."

17.  WILLS—EVIDENCE SUPPORTED JURY'S VERDICT THAT WILL CONSISTING OF TWO SHEETS, ONE OF WHICH WAS UNSIGNED, WAS VALID WILL.—Evidence *held* sufficient to sustain verdict of jury that purported will consisting of two sheets, one of which was unsigned, was valid will. ·

Before MAULDIN, J., Hampton, Fall Term, 1926. Affirmed.

Petition by Michel Goethe, as executor of the last will and testament of Belle Browning Goethe, for the probate

of the will of Belle Browning Goethe, opposed by F. W. Browning, a person *non compos mentis.* Walker B. Browning, committee, and others. The Probate Court held the will to be valid, and, on appeal to the Court of Common Pleas, judgment was rendered for proponent, and contestants appeal.

*Messrs. J. W. Manuel,* and *Thos. M. Boulware,* for appellants, cite: *As to validity of will:* Sec. 5336, Code; 1 Mill Const., 336; 4 Strob., 188; 118 S. C., 32. *Error to charge jury that it is "sole judge" of facts:* 109 S. C., 117. *Admissibility of evidence of undue influence:* 107 S. C., 96; 111 S. C., 373; 5 Strob., 167; 28 R. C. L., 152, Sec. 107. *Order refusing to set aside verdict and grant a new trial being controlled by error of law, is appealable:* 95 S. C., 471. *Motion for new trial waived further trial by jury:* 113 S. C., 270. *Refusal to make decree of no will was error of law:* 67 S. C., 55; 74 S. C., 189; 86 S. C., 571.

*Messrs. Randolph Murdaugh,* and *George Warren,* for respondent, cite: *"Writing" includes typewriting:* Sec. 5361, Code. *Valid will may be executed on separate papers:* 40 Cyc., 1274, 1093; 4 Strob., 188; 88 S. E., 964; 78 S. E., 72; 88 S. E., 785; 99 S. E., 424; 1 Mill Const., 336. *Question of will or no will a question of fact, not reviewable:* 74 S. C., 189; 82 S. C., 40; 86 S. C., 470; 104 S. C., 399; 112 S. C., 305; 131 S. C., 352. *Proof of will:* 86 S. C., 470; 114 S. C., 275; Jones on Ev., 228; 40 Cyc., 1274; 82 S. C., 40. *Distinguished:* 95 S. E., 333. *Admissibility of declarations of testator:* 40 Cyc., 134; 101 Pac., 798; 194 Fed., 1001. *New trial not proper where from examination of record there is no doubt that verdict of fair jury would have been the same, even if no error had been committed:* 78 S. C., 81. *Admission of evidence in reply:* 61 S. E., 226; 89 S. E., 384; 89 S. C., 97; 77 S. E., 393; 76 S. C., 529; 100 S. C., 115; 38 S. E., 336; 74 S. C., 1. *Order refusing new trial here not error:* 79 S. E., 645.

May 9, 1928.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

Upon the petition of the respondent, proceedings were had in the Probate Court of Hampton County to prove in solemn form as the last will and testament of Mrs. Belle Browning Goethe, deceased, a written instrument dated August 16, 1922, which had been formerly admitted to probate in common form. The decision in the Probate Court was favorable to the validity of the paper as the last will and testament of Mrs. Goethe. The defendants, in that proceeding, who are the appellants here, appealed from the judgment of the Probate Court to the Court of Common Pleas of Hampton County, and asked for trial by jury as to the issues involved. The respondent made no demand for jury trial, but it appears did not contest the demand of the appellants therefor.

The case came on for trial before his Honor T. J. Mauldin, presiding Judge. The issue submitted to the jury of will or no will resulted in favor of the establishment of the will.

After the verdict of the jury was announced, the defendants, who contested the validity of the will, moved upon the minutes of the Court that the jury's verdict be set aside and a new trial granted; and they also asked the Court to determine the issues in the cause without the aid of a jury, and for a decree of the Court of no will in their favor. The presiding Judge overruled these motions and made his order approving the findings of the Probate Court and the verdict of the jury.

The defendants contestants have appealed to this Court, and set up by nine exceptions various reasons why the judgment below should be reversed. As far as we deem it necessary, all the exceptions will be passed upon.

The will in question is composed of two sheets. The first sheet contains "clauses" 1, 2, 3, and 4, and is not signed

by the testatrix nor by either of the attesting witnesses. The second sheet contains clause 5, which merely appoints the executor, and the signature of the testatrix and the attestation clause. The appellants contend by their first exception that the sheet not signed by testatrix and attested and subscribed by three witnesses, as prescribed by the below-quoted section, is not part of the will. This contention is untenable. Section 5336, Vol. 3, Code of 1922, is as follows:

"All wills and testaments of real and personal property shall be in writing, and signed by the party so devising the same, or by some other person in his presence and by his express directions, and shall be attested and subscribed in the presence of the said devisor, and of each other, by three or more credible witnesses, or else they shall be utterly void and of none effect."

The statute does not require the separate sheets composing a will to be signed by the testator and attested and subscribed by three witnesses. The will itself must be executed in accordance with the formalities prescribed by the statute, but not each separate sheet making up the will. *Pearson v. Wightman,* 1 Mill, Const. (8 S. C. L.), 336; 12 Am. Dec., 636. *Martin v. Hamlin,* 4 Strob. (35 S. C. L.), 190; 53 Am. Dec., 673. There can be no doubt but that it is a safe practice for a testator to affix his signature to each sheet composing his will, and it is a further act of precaution to have each separate sheet attested and subscribed by the attesting witnesses, but the statute does not so require, and this Court has no power to go beyond the requirement of the statute in the execution and attestation of wills. When a will is composed of more than one sheet, it may become a question of fact for a jury, in a trial of will or no will, to determine whether the unsigned sheet or sheets composing the purported will is or are in fact a part of the will of a testator. The proof of such fact depends upon the rules of evidence, which require that the separate unsigned sheets be identified at the time of the execution of the will, or upon

the probate thereof, by all or any one of the attesting witnesses. If the jury is satisfied by intrinsic evidence or otherwise that the purported will composed of one, two, or more sheets *is* the will of testator, and render their verdict accordingly, it is sufficient.

In the case at bar, the trial Judge submitted to the jury the question of fact, "Is the paper dated August 16, 1922, the last will and testament of Belle Browning Goethe?" The "paper" so dated and introduced in evidence is composed of the two sheets as aforesaid. The jury answered this question in the affirmative. To give the construction contended for by appellants, would be to hold, in effect, that each separate sheet making up a will is *a will.*

The jury, having the paper composed of the two sheets before them, found that the two sheets constituted the will of the testatrix. This being a question of fact for the jury, and the jury having found in favor of the will, this Court cannot review their findings. The authorities upon this point are too numerous to require citation.

One of the subscribing witnesses to the will in question, Johnston, testified at the trial that the said purported will, signed by testatrix in his office and attested and subscribed by himself and the two other witnesses, was composed of the two sheets submitted to the jury as the last will and testament of Mrs. Goethe. The second exception contends that it was error to allow the said witness to examine said will for the reason that (1) it permitted said witness to refresh his memory from a typewritten sheet not prepared by him, and which had been out of his possession and in the possession of the proponent of the will, and (2) it permitted said witness to give expert testimony in identifying a written sheet when he had not qualified as such expert. This contention cannot be sustained. The witness was in no sense trying to refresh his memory as to the

contents or provisions of the will or to give expert testimony. He was merely identifying the paper as the one which was executed by Mrs. Goethe in his office and attested by himself and the other two subscribing witnesses, and which was left for a time in his possession and read by him while it was in his possession. This was a proper method for such identification. There is no error here.

In their third exception, appellants urge that the trial Judge erred in charging the jury that the executor was required to prove his case by the preponderance of the evidence, whereas, under the facts of this case, he should have charged the jury that if there was ground for suspicion, then the executor's proof should be clear to connect the detached papers as a will. Appellants made no request of the presiding Judge to charge such a proposition of law, and when the Judge asked counsel at the conclusion of his charge if there was anything further, appellants' counsel answered, "Nothing further." If appellants desired this proposition of law to be charged, they should have, under the rules of the Court, submitted that request to the presiding Judge. It is now too late. But waiving this, we find no error in the Judge's charge. It is the general rule that, when a formal execution of a will is admitted or proved, a *prima facie* case is made out warranting the probate of such will, and the burden of proof is then, as a general rule, on the contestant to prove fraud, undue influence, incapacity, or other objection to the will, and this burden remains on him to the end. *Mordecai v. Canty,* 86 S. C., 470; 68 S. E., 1049. *Anderson v. Wall,* 114 S. C., 275; 103 S. E., 562. *Thames v. Rouse,* 82 S. C., 40; 62 S. E., 254; Jones on Evidence, 228; 40 Cyc., 1274. The burden was, therefore, upon contestants to prove that the detached sheet complained of was in fact not a part of the will of Mrs. Goethe. In view of the finding of the jury, it is manifest that they failed to produce that proof.

The appellants in their fourth exception complain of error on the part of the Circuit Judge charging the jury as follows:

"It is a case mostly resting upon evidence of which you are the *sole judges.*"

It is urged that by the use of this language and in other places in the charge, the Court gave undue and prejudicial prominence upon the idea that the verdict of the jury would be conclusive upon the parties and the Court, and thereby the jury were given the idea "that they were a law unto themselves," and that they might arbitrarily act without fear of correction. We are unable to find the least kind of error in the language of the Judge that is complained of. It was the duty of the jury to pass upon the evidence and the facts of the case. It was proper for the Judge to properly stress the duty of the jury.

By exception 5, appellants impute error to the presiding Judge in his rulings in relation to the testimony offered by Mrs. F. W. Browning. The witness was asked if she had a chance to know what Mrs. Goethe's personal feelings were as to her husband with regard, not as to his affection, but how she regarded him. Respondent's attorney objected upon the ground that the witness could state exactly what Mrs. Goethe did and said. The ruling of the Court was that she could state the facts. Later on, the witness was asked, "State whether or not Mrs. Goethe said anything to you with regard to fear or lack of fear." She answered, "She feared he would find out about her will." The Court ruled, "Avoid letting the witness state the conclusions" in face of this objection here. There was no further attempt to adduce any facts from this witness. It is manifest that the ruling of the Court did not prevent the witness from stating facts, but merely to avoid stating conclusions. In this ruling, the presiding Judge was correct.

By the sixth exception, error is imputed to the trial Judge in excluding certain testimony of Mrs. Harper, one of appellants' witnesses. The testimony of this witness on this point was as follows:

"A. She said she meant to provide for them, and she did not mention everything, and if she did, I could not remember everything.

"Q. Did she give any reason for her intention to do that? A. She did, she said that before her mother died, and she had made a request of her, and to always look after her brother Frank.

"Mr. Murdaugh: We do not think any conversation she had with her mother would be competent.

"The Court: She can testify to anything, that is in consequence of the conversation. I do not think the conversation would be competent itself.

"Mr. Manuel: As a result of the request her mother had made of her—

"The Court: I do not think you can put it that way, Mr. Manuel. I think it would be competent to say any transaction she had with them.

"Mr. Manuel: I think, your Honor, on the question of motive, or intention, and I think the whole thing is permissible on the question of—

"The Court: Well, the trouble about it that going into that, and I think it is competent to ask this witness what was done in consequence of that.

"Q. You say that Mrs. Goethe said that she had a conversation with her mother on her mother's deathbed? A. Yes, sir.

"Q. And that in consequence of that conversation she intended to do what for Frank and his children? A. To provide for them."

In *Means v. Means,* 5 Strob., 167, it is said:

"In examining questions of undue influence concerning a will, as in questions of capacity, the contents of the paper, and previous indications of purpose made by the supposed testator, may, as evidence, be brought into the investigation; but they can come in only as evidence pertinent to the inquiry, Is this his will? and should not be suffered to minister to any prejudice, opposed to the license of testamentary disposition, which the law allows."

See, also, 28 R. C. L., p. 152, § 107.

It will be observed that the witness was asked to state what Mrs. Goethe said her mother had told Mrs. Goethe. We think the testimony was wholly incompetent as hersay testimony. It was proper for this witness to testify as to what Mrs. Goethe stated she intended to do as a result of the conversation she had with her mother. This the witness was permitted to do under the ruling of the trial Judge. But the testimony complained of was later presented to the Court in the letter Mrs. Goethe wrote Dr. John O. Wilson, dated August 9, 1922, which was introduced in evidence as Exhibit 8. This evidence in the words of Mrs. Goethe herself was in all probability stronger than any evidence that the witness could have given as to the conversation between Mrs. Goethe and her mother. We find no error in the rulings of the trial Judge in this particular.

By exception 7 appellants complain of error on the part of the trial Judge in admitting evidence of Miss Mae Tuten on behalf of respondent in reply. The admission of evidence in reply rests largely in the discretion of the trial Judge, and this Court on appeal will not interfere, unless there has been an abuse of discretion. *Smith v. Union-Buffalo Mills Co.,* 100 S. C., 115; 84 S. E., 422. *Bolton v. Western Union Telegraph Co.,* 76 S. C., 529; 57 S. E., 543. *City of Atlanta v. Hampton,* 139 Ga., 389; 77 S. E., 393. It is not an abuse of discretion for the trial Judge to admit cumulative evidence at the close of defendant's

case, though it did not reply to defendant's evidence. *Harrell v. Columbia Electric Street Railway, Light & Power Co.,* 89 S. C., 97; 71 S. E., 359. Where plaintiff makes out a *prima facie* case, which defendant vigorously attacks, plaintiff may introduce additional evidence which would have been admissible on the first examination. *S. A. L. Railway v. Lyon,* 18 Ga. App., 266; 89 S. E., 384. *Southern Railway Co. v. Clay,* 130 Ga., 563; 61 S. E., 226. We think, however, that the testimony complained of was in reply to the evidence adduced by the appellants as tending to show the relationship between Mrs. Goethe and her brother, F. W. Browning, and his wife.

The eighth exception complains of error on the part of the trial Judge in limiting appellants' witness, Mrs. Browning, in testifying in surrebuttal to the evidence given by Miss Tuten to the answer "yes or no." Mrs. Browning was asked whether or not she and her husband had done the things which Miss Tuten had testified that they had done. She replied that they had not. Admission of evidence in surrebuttal is very much in the discretion of the trial Judge. *Wysong v. S. A. L. Railway Co.,* 74 S. C., 1, 54 S. E., 214. We see no abuse of discretion in the ruling of the trial Judge.

Exception No. 9 charges error on the part of the trial Judge in not granting the motion made by the appellants for a new trial and for a decree of no will in their favor, on the ground that the evidence was insufficient to support the jury's verdict, and that the only logical conclusion to be drawn from all of the admissible testimony was that the paper propounded as the last will of Mrs. Goethe was not her will. This exception involves a review of the facts of the case. We find sufficient testimony to sustain the verdict of the jury, and there was no error on the part of the Judge in refusing to disturb that verdict.

It is the judgment of this Court that all the exceptions be overruled, and that the judgment and decree of the Court of Common Pleas of Hampton County be and the same are hereby affirmed.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES COTHRAN, STABLER, and CARTER concur.