## STATE v. SUDDUTH.

1. EVIDENCE—HEARSAY.—SILENCE OF DEFENDANT in presence of one shot after stating that defendant had shot him while running, then turning to defendant and saying, "You will have to die some day and give an account for this," properly sent to jury as tending to show guilt. *State* v. *Edwards,* 13 S. C., 30; and *State* v. *Senn,* 32 S. C., 392, *distinguished from this.*

2. INSTRUCTION of Judge on point that killing another charged with misdemeanor while fleeing to avoid arrest is manslaughter, although in language explicit and strong, does not convey any opinion of the Judge that deceased was killed while fleeing and not in self-defense.

Before GARY, J., Greenville, January, 1905. Affirmed.

Indictment against Reuben Sudduth and William Putnam for murder. From verdict on sentence for manslaughter, Sudduth appeals.

*Messrs. Cothran, Dean & Cothran,* for appellant. *Mr. T. P. Cothran* cites: *Charge indicated convictions of Judge:* 47 S. C., 488. *Evidence as to defendant's silence incompetent:* 1 Green. Ev., sec. 197; 32 S. C., 401; 13 S. C., 30; *State* v. *Phillips,* 73 S. C.

*Solicitor J. E. Boggs,* contra. (Reporter furnished no argument.)

July 9, 1906. The opinion of the Court was delivered by

MR. JUSTICE WOODS. Reuben Sudduth and William Putnam were tried for the killing of Wilmer Sloan, while attempting to arrest him for violation of the Dispensary law. Putnam was acquitted and Sudduth was convicted of manslaughter. By his appeal defendant Sudduth first alleges error in the admission of the following evidence of Dr. Bramlet as to a statement made to him by the deceased, the contention being that though the statement was made in the presence of the defendant, it was nevertheless incompetent as hearsay: "When I went to the jail, deceased was lying between the dwelling part of the jail and the cell doors. I asked him what was the matter and he said he was shot. The defendants Sudduth and Putnam were there. I think they were near enough to hear. They were in the room; they could have heard it, it was a small room. He spoke loud enough for them to hear. The deceased said that Reuben Sudduth shot him, and said that he and Mr. Cooley had gone into the woods to get some whiskey, and when they got there to the whiskey these parties came down to them; then he turned and ran and Sudduth shot him. He then turned to Sudduth and said, 'You will have to die some day and

give an account of this,' and Sudduth said nothing. Holcombe, the jailer, was also present."

The rule on the subject of acquiescence in the statements made by another, in the presence of the defendant, implied by his silence, is thus stated in 1 Greenleaf, sec. 197: "Admissions may also be implied from the *acquiescence* of the party. But acquiescence, to have the effect of an admission, must exhibit some act of the mind, and amount to voluntary demeanor or conduct of the party. And whether it is acquiescence in the conduct or in the language of others, it must plainly appear that such conduct was fully known, or the language fully understood by the party, before any inference can be drawn from his passiveness or silence. The circumstances, too, must be not only such as afforded him an opportunity to act or speak, but such, also, as would properly and naturally call for some action or reply, from men similarly situated." The same author expresses this further view, which we think has been generally recognized as sound: "But in regard to admissions inferred from *acquiescence in the verbal statements of others,* the maxim, *Qui tacet, consentire videtur,* is to be applied with careful discrimination. 'Nothing,' it is said, 'can be more dangerous than this kind of evidence. It should always be received with caution; and never ought to be received at all, unless the evidence is of direct declarations of that kind which naturally calls for contradiction; some assertion made to the party with respect to his right, which, by his silence, he acquiesces in.'" Two questions always arise as to the effect of silence under accusation. First, are the circumstances surrounding the accused such as to make his silence of any significance at all? This is a question of fact to be decided by the Circuit Judge, and his conclusion will not be disturbed by this Court unless without any reasonable support. Was the accused aware that he had a right to speak? Was he overwhelmed by fear or distress, or the belief that nothing he could say would avail? These and perhaps many other matters it may be necessary for the

Circuit Judge to consider before allowing the testimony to go to the jury as worthy of any consideration. The second question as to the degree of consideration to be given and value to be attached to the evidence of silence is for the jury, and into this question all the peculiar circumstances enter as most material factors.

Here the deceased, after saying in the presence of Sudduth that he shot him while running, turned to Sudduth and said, "You will have to die some day and give an account of this." One conscious of innocence would rarely, if ever, remain silent in the face of such an accusation made by a man desperately wounded and likely to die from a shot fired by him. The Circuit Judge was, therefore, fully justified in admitting the evidence.

The cases of *State* v. *Edwards,* 13 S. C., 30, and *State* v. *Senn,* 32 S. C., 392, 11 S. E., 292, were entirely different. In the former, it was held the Circuit Judge erred in charging the jury, "If a party hears a criminal charge against himself, and made in his presence and says nothing, it is an admission on his part, and, in the eye of the law, the party accepts that charge as his confession." As we have pointed out, it is for the jury to determine what force should be given to the silence of the accused; it was, therefore, error for the Circuit Judge to instruct the jury that silence in that case was to have the weight of confession. In the Senn case, the evidence was held to be improperly admitted because the circumstances did not permit any reply to the charge from the defendant.

The defendant further insists the Circuit Judge, in violation of the Constitution, by his charge impressed "upon the jury his evident conviction that the defendants, while attempting to arrest the deceased for violation of the Dispensary law, fired upon and killed him while he was endeavoring to evade arrest by flight." The sole issue in the case was whether the defendant shot deceased while he was running away, and without any attack or resistance on his part, or shot only in self-defense after de-

ceased had fired upon him. There could be no dispute that the offense for which the defendant sought to arrest the deceased was merely a misdemeanor, and the charge was to the effect, if the deceased was killed by the defendants while he was fleeing or running away from them to avoid arrest, it would be manslaughter. This statement of the law is not controverted, and while it was made clear to the jury by language explicit and strong, we are unable to discover in the charge any expression of opinion that the deceased had been shot while fleeing and not in self-defense.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.