### 3558.   HARRIS v. CITY OF ROME.

If a municipal corporation, in grading a street, so changes the natural flow of the drainage from a contiguous lot as to create a pond and to render a street drain necessary to prevent hurtful accumulation of standing water, and, in pursuance of its duty, opens a ditch necessary for the discharge of this water, but thereafter permits it to become obstructed, and fails to remove the obstruction, though requested to do so, and if, by reason of the filling of this ditch, which is in the street and under the control of the municipality, a nuisance is created, the municipality would be liable for the damage caused by the continuance of the nuisance, even though the pond might be located on private property. The liability for the damages caused by a nuisance rests primarily upon the party whose act created the nuisance; and especially is this true where it is within the power of such party to discontinue the condition which gave rise to the nuisance.

DECIDED JANUARY 15, 1912.

Action for damages; from city court of Floyd county—Judge Reece. June 21, 1911.

*Eubanks & Mebane,* for plaintiff.

*Max Meyerhardt, Maddox & Doyal,* for defendant.

RUSSELL, J. The present case is distinguished by its facts from *Mayor &c. of Dalton* v. *Wilson,* 118 *Ga.* 100 (44 S. E. 830, 98 Am. St. R. 101). In that case a ditch on private property contained the obstruction that caused the injury; and the owner of the hotel, from which the sewer extended into the ditch, controlled the hotel, sewer, ditch, obstruction, and pond, and was consequently responsible for the nuisance. Neither the nuisance nor its cause was under the control of the city, nor on city property. In the case at bar the petition, with the amendments, alleged, that the nuisance was created by the city's having raised the sidewalk and cut ditches along, in, and through the sidewalk and street, for the purpose of letting the

surface water escape, and that, after having cut the ditches for this purpose, the city allowed the ditches in the street to fill up, and, by reason of the filling up of the ditches in the sidewalk and street, a pond of foul and fetid water, alleged to be a nuisance, accumulated; that the obstruction was allowed to gather in the ditch, so that there was no outlet for the water through the embankment, which the city itself had made in raising the street, and that the city, with knowledge of this fact, allowed the obstruction to remain, refusing the plaintiff's demand that it be removed and the pond be allowed to drain. It will therefore be seen that the two cases are not identical. In the case cited, supra, the cause of the obstruction and nuisance was that the owner or person in control of the hotel, and of the property in which the ditch was constructed for the purpose of outlet, permitted foul and fetid matter to accumulate in the ditch and pond on the property. In other words, the City of Dalton did not create the nuisance, but only stood by and failed to abate it. In the case at bar the ditches are in the street and under the control of the city, according to the allegation of the petition, and it is alleged that after these ditches, which it is the duty of the city to keep open, are filled up, the city refuses to abate the nuisance for which it is responsible. According to the allegations of the petition, the raising of the sidewalk by the city caused the necessity for the digging of the ditch through the sidewalk and street. This ditch upon the city's property, which the city's act rendered necessary, and which it is the city's duty to keep open, is the ditch in which the obstruction, which has caused the pond to form, exists and is permitted to remain, according to the allegations of the petition. In the *Wilson* case, supra, the cause of the nuisance was on a private lot; in the case at bar the cause of the nuisance is in the street and sidewalk. In the *Wilson* case the owner of the lot could have abated the nuisance, but the owner of the lot in the present case would have no right to go into the street and dig open ditches, or otherwise drain the pond by excavations upon the street. While it is true the pond was on private property, as in the *Wilson* case, the sole cause of the formation of the pond is traceable to the act of the city. The judgment was reversed in the *Wilson* case because it did not appear that the municipality was in direct control of the property upon which the alleged nuisance existed, or of the ditch or sewer; in other words,

because it was not alleged in terms that the municipality maintained, controlled, or operated the alleged nuisance. In the case at bar it is distinctly alleged that the city controls the ditch that brought about and continues the nuisance. The petition as originally filed was perhaps subject to demurrer, but, the amendment showing that the pond was due solely to the fill made by the city in the street, and that the city undertook, as was its duty, to prevent a nuisance by running a ditch across the sidewalk into the main gutter of the street, the municipality would clearly be liable if it be shown that a nuisance was created by the fact that the city allowed the only outlet for this water, which was through its sidewalk, to become obstructed so as to create a nuisance with consequent damage. We therefore think that the trial judge erred in sustaining the demurrer and dismissing the petition.

If a municipal corporation, in grading a street, so changes the natural flow of the drainage from a contiguous lot as to create a pond, and to render a street drain necessary to prevent the hurtful accumulation of standing water, and, in pursuance of its duty, opens a ditch necessary for the discharge of this water, but thereafter permits it to become obstructed, and fails to remove the obstruction, though requested to do so, and if, by reason of the filling of this ditch, which is in the street and under the control of the municipality, a nuisance is created, the municipality would be liable for the damage caused by the continuance of the nuisance, even though the pond might be located on private property. The liability for the damage caused by a nuisance rests primarily upon the party whose act created a nuisance; and especially is this true where it is within the power of such party to discontinue the condition which gave rise to the nuisance.

*Judgment reversed.*