4733. CITY OF ROME *v.* HARRIS.

1. On the trial of an action against a municipality for damages alleged to have resulted from the maintenance by the city of a pond of water upon the plaintiff's premises, it is not error to admit testimony that the city was notified of the existence of the nuisance and was requested to abate it.

2. An assignment of error upon the admissibility of documentary evidence can not be considered when the evidence is not set forth in the motion, either literally or in substance, nor attached thereto as an exhibit.

3. Although a motion for a nonsuit may have been made and overruled at the conclusion of the plaintiff's evidence, after a verdict in favor of the plaintiff the question is whether, upon the evidence as a whole, the verdict was authorized.

4. A new trial in the present case is demanded on account of improper remarks of counsel for the plaintiff in his concluding argument to the jury.

5. Except as above indicated, the trial was free from error and the verdict was not legally excessive.

DECIDED JUNE 10, 1913.

Action for damages; from city court of Floyd county—Judge Reece. January 31, 1913.

*Max Meyerhardt,* for plaintiff in error. *Eubanks & Mebane,* contra.

POTTLE, J. Mrs. Harris sued the City of Rome for damages for an illness caused by a pond of stagnant water which had been allowed by the city to accumulate upon the property of the plaintiff's husband, on which she resided. A judgment sustaining a general demurrer to the petition was reversed by this court. *Harris*

v. *Rome,* 10 *Ga. App.* 409 (73 S. E. 532). On the trial the plaintiff obtained a verdict for damages. There was little or no conflict in the evidence in reference to the negligence of the defendant in permitting the pond of water to accumulate and remain on the premises where the plaintiff resided, this negligence consisting in raising the grade of the sidewalk in front of the premises without making suitable provision for carrying off the water which, by reason of this increased grade, would accumulate on the premises in time of heavy rainfall. The issue in the case was as to whether the stagnant water caused the plaintiff's illness, and on this question a finding either way would have been justified.

1. The court permitted the plaintiff's husband to testify that he made complaint to the city's superintendent of public works and requested him to clean out a gutter extending into a ditch, so that the water might be thus conveyed from the premises, and, if the city would not do this, to permit the plaintiff's husband to do so; and that the superintendent refused to permit the witness to clean out the gutter, saying it was the business of the superintendent and not that of the witness. There was no error in admitting this testimony. It was admissible to show express notice to the city, and negligence in maintaining a nuisance after a request to abate it.

2. Complaint is made that the court permitted the introduction in evidence of the written demand for damages, served on the city, but as the demand is not set out in the motion or attached thereto as an exhibit, the question of its admissibility can not be determined. In passing, however, we may say that the demand, which is set forth in the evidence, seems to be sufficiently full and definite. It need not contain all the elements of a complete cause of action such as is required to be set out in a petition filed in court. *City of Sandersville* v. *Stanley,* 10 *Ga. App.* 360 (76 S. E. 535), and citations.

3. The plaintiff produced evidence to support her case as laid in the petition, and it was not error to refuse a nonsuit. Besides, after verdict, the question is whether, upon the whole evidence, the plaintiff is entitled to recover. See *Gaynor* v. *Travelers Ins. Co.,* ante, 601 (77 S. E. 1072).

4. Complaint is made of several remarks made in the argument to the jury by Mr. Mebane, one of the counsel for the plaintiff.

The counsel stated that "Mr. Kinnebrew, a juror, had a similar case to this and gained it." The assignment of error upon this remark is that it is without evidence to support it, was in fact untrue, and tended to mislead the jury. The same counsel also said, "The Court of Appeals said this plaintiff could recover in this case." And also, "Suits are being brought against railroads all over Georgia for producing foul ponds of water producing sickness, etc., and the books are full of such cases." And also, "If it had not been for this big fat Worrill, they would have fixed this sidewalk and drained this pond." And further, "This man Worrill is the most contemptible scoundrel I ever knew. I do not blame him for being 500 miles away from here, he ought to be 5,000 miles from here. A man who has no more regard for a person's health ought to have been run away before he was." At the conclusion of each of these several statements, the defendant moved for a mistrial. The court certifies that, in reference to the first two remarks, Mr. Mebane was directed to confine himself to the facts and to proceed with the argument. In reference to the third remark the court said, "I will tell the jury to pay no attention to that, at the proper time." When the last statement of counsel was made the court admonished the jury to pay no attention to the statement of counsel and dismiss it from their minds, that they must determine the case from the law and the evidence. We are reluctant to set aside a verdict and order a new trial on account of remarks of counsel, but in the argument of counsel in this case the rule is so flagrantly violated that we have no alternative. It was particularly unfair and prejudicial to the defendant for counsel to state that another plaintiff had recovered from the city in a similar case, and that the Court of Appeals had already held that the present plaintiff was entitled to recover. As a matter of fact, the Court of Appeals had made no such ruling, having held simply that the plaintiff had stated a case on paper, which is quite a different thing from supporting it by proof. It was highly prejudicial and grossly improper to go outside of the evidence and inform the jury that the city had already been held liable in another case for damages resulting from the maintenance of this same pond or of a similar pond.

There are many cases where the Supreme Court has pointed out that before the defendant will be permitted to assign error in the

reviewing court upon improper and prejudicial conduct of counsel for the opposite party, a motion for a mistrial should be made, and in this way a ruling from the trial court invoked. The defendant pursued this remedy in the present case. It is true that there are a number of cases where both the Supreme Court and the Court of Appeals have declined to direct a new trial where it appeared that the court rebuked counsel and gave the jury proper admonition in reference to the matter; but all these were cases where, in the opinion of the court, the action of the trial·judge was such as to remove the prejudicial effect of counsel's improper argument. The conduct of counsel in the present case was such as to demand severe and unmistakable condemnation on the part of the trial judge, in order to impress the ·jury with the fact that the argument was improper. We do not think the prejudicial effect of counsel's language was removed by the mild form of admonition and criticism employed by the trial judge. Mr. Kinnebrew was on the panel of jurors summoned for the term; and when counsel stated to the jury that the juror·had recovered from the city in a similar case, it was not enough for the court simply to direct counsel to confine himself to the evidence and, to proceed with the argument. Such an admonition was rather calculated to impress the jury with the idea that the court did not attach any serious importance to counsel's improper statement. The same observation applies to the admonition of the court in reference to the statement of counsel that the Court of Appeals had already decided that the plaintiff was entitled to recover. The verdict was for $1,500, and it is apparent that the jury settled in favor of the plaintiff the issue in reference to the proximate cause of her illness. A contrary finding would have been authorized, and it can not be said that the jury was not influenced to some extent by the improper remarks of counsel. Courts and lawyers frequently differ in reference to the application of technical rules of law in given cases, but there is one thing upon which there is absolute unanimity of opinion, both among the members of the bench and the bar, and that is that a litigant is entitled to a fair trial, and when he has not had it, no verdict against him ought to be permitted to stand. Upon the application of this fundamental principle of our jurisprudence to the facts of the present case, a new trial is demanded.

5. The instruction of the judge upon the subject of the measure

of damages was not altogether accurate, but would not alone be ground for a new trial. Instead of stating that the amount of the verdict should be left to the sound discretion of impartial jurors, it would be better to use the language of the statute, to wit, "the enlightened consciences of impartial jurors." Except as above indicated, the trial was free from error, and the verdict was not legally excessive. *Judgment reversed.*