5777. CITY OF ROME *v*. HARRIS.

The question of the liability of the city in the present case is controlled by a former decision in the same case (*Harris* v. *City of Rome*, 10 *Ga. App.* 409, 73 S. E. 532). No error in the trial is alleged; and since the evidence is sufficient to support the plaintiff's case as laid, the court did not err in refusing to grant a new trial.

DECIDED DECEMBER 24, 1914.

Action for damages; from city court of Floyd county—Judge Reece. May 5, 1914.

*Max Meyerhardt,* for plaintiff in error.

*Eubanks & Mebane,* contra.

RUSSELL, C. J. This is the third appearance of this case before this court. See 10 *Ga. App.* 409 (73 S. E. 532) ; 12 *Ga. App.* 756 (78 S. E. 475). On the first hearing we held that the petition of Mrs. Harris set out a good cause of action; and after a trial before a jury, the decision of the trial judge refusing a new trial was reversed solely on account of improper argument of counsel for the plaintiff. No technical error of any kind is alleged in the present exceptions, the City of Rome seeking a reversal of the judgment overruling its motion for new trial solely upon the usual general grounds, that the verdict is contrary to law and evidence and without evidence to support it. The plaintiff obtained a verdict for $500, and it is conceded that if the city is liable at all, this amount is reasonable.

Under the prior rulings announced in this case, we are of the opinion that the verdict is fully supported by the evidence, and

that there was no error in refusing a new trial. The plaintiff in error contends that the decision in *City of Rome* v. *Harris*, 12 *Ga. App.* supra, was based upon an erroneous statement of fact, and that because the decision incorrectly stated that the stagnant water or pond was allowed to accumulate "upon the property of the plaintiff's husband," upon which plaintiff resided, when in fact it was on the property of another individual, the decision has no bearing upon the case as it appears in the present record. The mistake is of no consequence, if the city caused the injury, for we are of the opinion that it makes no difference in this case upon whose property the stagnant water accumulated. As was said in the first decision in the case (10 *Ga. App.* supra), "The liability for the damages caused by a nuisance rests primarily upon the party whose act created the nuisance; and especially is this true where it is within the power of such party to discontinue the condition which gave rise to the nuisance." The question in the case is not where the nuisance was maintained, but whether it was in fact created and maintained by the city and to the damage of the plaintiff. The evidence in the present trial is fully as strong as the evidence in the previous trial, and is sufficient to support the allegations of the plaintiff's petition, which, we have already held, set out a good cause of action. As was said by Judge Pottle, in reviewing the evidence introduced on the former trial (12 *Ga. App.* 756), a finding either way would have been justified; and the same is true of the evidence as disclosed by the present record; and since the jury saw fit to find for the plaintiff an amount conceded to be reasonable, we would not feel justified in reversing the judgment of the lower court.                    *Judgment affirmed.*