*H. C. Strickland,* contra.

---

6709. MITCHELL *v.* THE STATE.

WADE, J. 1. Evidence disclosing efforts on the part of a witness to ascertain the existence and place of business of an alleged corporation, falsely represented by the accused to be engaged in a particular legitimate business and in a designated city, was not inadmissible merely for the reason that such efforts were made after the perpetration of the fraud for which the accused was prosecuted. Evidence that no such corporation existed shortly after the perpetration of the fraud was a circumstance tending to negative its existence at the time the accused represented that it was a going concern. Besides, it further appeared from testimony of this witness, admitted without objection, that no such corporation had ever been chartered, or had ever engaged in business as represented by the accused, prior to or at the time of the perpetration of the fraud.

2. For what reason the testimony set out in the second ground of the amendment to the motion for a new trial was objected to does not appear, and therefore this assignment of error can not be considered.

3. There is no merit in the exception to the charge of the court touching the weight and credit the jury might give to the statement of the accused.

4. The remarks made by the prosecuting attorney in his argument, complained of in the motion for a new trial ("Mitchell is a common thief and ought to be in the penitentiary for life") were improper and calculated to prejudice the jury against the accused, though not altogether unwarranted by the evidence. In such a case the trial judge, when requested so to do, should either declare a mistrial or strongly admonish the jury that the language is improper and should be disregarded in their deliberations. *Manning* v. *State*, 13 *Ga. App.* 709 (79 S. E. 905). See also, *Floyd* v. *State*, 143 *Ga.* 286, 289 (84 S. E. 971). In a close case a rebuke to the attorney or an admonition to the jury might not sufficiently remove the injury thus inflicted. However, the evidence in this case, even when considered in connection with the statement of the accused, almost demanded a verdict of guilty, and the court did not err in refusing to withdraw the case from the jury. *Williams* v. *State*, 15 *Ga. App.* 311-314 (82 S. E. 817); *Gazaway* v. *State*, 15 *Ga. App.* 467 (4), 469 (83 S. E. 857).

5. The contention that the court erred in failing to instruct the jury as to circumstantial evidence is presented only in the brief of counsel for the plaintiff in error, and therefore can not be considered.

*Judgment affirmed.*

DECIDED OCTOBER 29, 1915.

Indictment for cheating and swindling; from Laurens superior court. Judge Kent. May 14, 1915.

*Fred Kea,* for plaintiff in error.

*E. L. Stephens, solicitor-general,* contra.