STATE v. STANCIL PHIFER.

(Filed 20 November, 1929.)

**Criminal Law I e—In this case held: prosecution overstepped bounds in argument to jury and defendant is entitled to a new trial.**

Where in the prosecution for murder for the reckless driving of an automobile the counsel for the private prosecution in his argument to the jury appeals for a conviction because others had been killed by drunken drivers on the same highway and no one had been punished for it, and upon objection by the defense on the ground that the argument was not sustained by the evidence, the trial court remarked that he could not regulate argument of counsel unless beyond bounds, and instructed the counsel to continue: *Held*, the counsel for the prosecution went outside the record and overstepped the bounds, and the defendant is entitled to a new trial.

APPEAL by defendant from *Stack, J.*, at May Term, 1929, of MECK-LENBURG.

Criminal prosecution tried upon an indictment charging the defendant with the murder of Estelle Godfrey.

On the night of 24 November, 1928, near Matthews, N. C., there was a collision between defendant's automobile and another car in which the deceased was an occupant. The driver of each machine claimed that the other was responsible for the collision, and there is evidence that the defendant was drinking at the time.

The attorney for the private prosecution, in his argument to the jury, used the following language:

"Gentlemen of the jury, drunken men are driving their cars all over the highways of North Carolina, and are running over people and killing them, and have no regard for human life. I argue to you that drunken drivers on our highways must be stopped. I contend to you, gentlemen of the jury, that this man has operated his automobile in a drunken condition, and I appeal to you to put a stop to transporting whiskey when operating automobiles on the highways. Drunken drivers of automobiles have killed others on this same highway and have not been punished for it."

Counsel for the defendant immediately objected and asked that the jury be instructed not to consider the argument that others had been killed on this same highway by drunken drivers, as there was no evidence to support such an argument, but the court simply replied: "I cannot tell a lawyer what to say and what not to say, unless he goes beyond bounds. Proceed with the argument and argue the evidence in the case before the jury." Exception by defendant.

Verdict: Guilty of manslaughter.

STATE *v.* PHIFER.

Judgment: Imprisonment in the State's prison for a term of not less than five nor more than seven years at hard labor.

The defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Jake F. Newell and Stewart, MacRae & Bobbitt for defendant.*

STACY, C. J., after stating the case: It is conceded by the Attorney-General that counsel for the private prosecution went outside the record and overstepped the bounds in appealing to the jury to convict the defendant because others had been killed by drunken drivers on this same highway and no one had been punished for it. *S. v. Evans,* 183 N. C., 758, 111 S. E., 345.

In *Washington v. State,* 87 Ga., 133, 13 S. E., 131, the Supreme Court of Georgia held· that, on the trial of an indictment for arson, it was error to allow the solicitor-general, over objection of defendant's counsel, to state, in his concluding argument, that frequent burnings had occurred throughout the country, and to urge the jury, in consequence thereof, strictly to enforce the law in the case then on trial.

To like effect is the holding of the· Supreme Court of Indiana in *Ferguson v. State,* 49 Ind., 33: "On the trial of an indictment for murder, it is error for counsel for the State, in argument to the jury, to comment on the frequent occurrence of murders in the community and for the formation of vigilance committees and mobs, and to state that the same are caused by laxity in the administration of the law, and that they should make an example of the defendant, and for the court, upon objection by the defendant to such language, to remark to the jury that such matters are proper to be commented upon."

The State ought not to rely upon a sacrificial altar for the observance or enforcement of its laws. *S. v. Green, ante,* 624; *S. v. Tucker,* 190 N. C., 708, 130 S. E., 720. And herein lies a distinction or bit of philosophy sometimes overlooked. Law observance and law enforcement are two different things. The one belongs to the kingdom of right living, the other to the field of retributive justice. It was said in Blackstone's time, that, from a comprehensive viewpoint, human punishments are rather calculated to prevent future crimes, by amendment, disability or example, than to expiate past offenses. "They tend to the amendment of the offender, or to deprive him of the power to do future mischief, or to deter others by his example." *S. v. Swindell,* 189 N. C., 151, 126 S. E., 417. By amendment or disability, yes, for they come within the purview of law enforcement, but why by example? Does the deterrence theory belong exclusively to the law of crimes? Whose duty is it to

preach the gospel of fair dealing and to hold high the banner of right-eousness? Does not a punitory judgment which is in excess of amend-ment, disability or expiation, and to the extent that it is rendered alone for example's sake, or solely as a warning to others, partake of atone-ment for society's neglect? Does nature exact such punishments for the violation of her laws? Is the good life no more than a refuge? But these are only meditative reflections, binding on no one, and of little value perhaps.

The defendant is entitled to a new trial, and it is so ordered.

New trial.