### 22784.  CLIETT v. THE STATE.

DECIDED JANUARY 25, 1933.

*Quincey & Quincey,* for plaintiff in error.
*John S. Gibson, solicitor,* contra.

GUERRY, J.  Herbert Cliett was convicted on the 24th of May, 1932, of the theft of certain chickens belonging to one Newt Carver, and excepts to the overruling of his motion for a new trial.

It appears from special ground 1 of the motion for a new trial that the solicitor of the city court in his argument to the jury made this statement:  "Gentlemen of the jury, if you acquit this defendant you have got to brand the prosecutor Newt Carver and his wife Becky Carver before this community as wilful, malicious, and

bloody liars." Defendant's counsel immediately objected to such remarks, and "moved the court to instruct the jury that said argument and remarks were improper on the part of the solicitor, and to instruct the jury to disregard same, and moved the court to declare a mistrial in the case because of said argument and statements to the jury." The court refused to rebuke the solicitor, or to instruct the jury to disregard such argument, or to declare a mistrial. We do not hesitate to rule that the trial judge should have openly rebuked the solicitor or have declared a mistrial because of the above-quoted remarks. To even intimate that good and respectable citizens of a community are "wilful, malicious, and bloody liars" would be a serious matter indeed, and the defendant in this case neither by his statement nor by his witnesses made any such intimation. The defendant's guilt depended primarily upon the identification of the stolen chickens, which is itself only a circumstance. No one swore directly as to defendant's guilt. Mr. Carver, the prosecutor, identified as his property some chickens found at a store and alleged to have previously been in the possession of the defendant. Mrs. Carver testified that when the chickens were brought to her home they went to roost in their accustomed place. The defendant Herbert Cliett, stated that the chickens were given to him by his mother in order that he might sell them and buy himself some shoes. Both Mr. Cliett and Mrs. Cliett, parents of the defendant, testified positively that the chickens belonged to Mrs. Cliett, and the latter explained that she raised two of them and accounted for the third. Mrs. Ely, a witness for the State, testified that the chickens in question looked like Mrs. Cliett's chickens. Harris Brown testified that he knew that the chickens in question were the ones whose wings he had helped Mrs. Cliett clip back in January. The policy of the law is to impute perjury to no witness if it can be honestly avoided. The evidence and the very nature of this case, as disclosed by the record, shows that an acquittal of defendant would more strongly imply that the prosecutor was mistaken rather than guilty of wanton lying, and that the jury might have resolved the doubt as to the identity of the chickens in favor of defendant and in accordance with the preponderance of the testimony, without branding Mr. Carver and his wife as "wilful, malicious, and bloody liars." While this language as used by the solicitor, under any circumstances does not comport .

with the dignity and decorum properly expected in courts of law, it was as above pointed out, particularly harmful and prejudicial under the facts of this case, and the implied approval given the solicitor's remarks by the court in refusing, upon request, to rebuke the same, gave them additional poignancy. If the solicitor had a right to make such an argument, defendant's counsel would have the same right, and could argue that a conviction of the defendant would brand the defendant's mother, and father, and Harris Brown, and Mrs. Ely as "wilful, malicious, and bloody liars," because two of these witnesses swore positively that the chickens belonged to defendant's mother, and the testimony of the other two strongly indicated such to be the fact. Such practice by the attorneys of making unauthorized arguments and appealing to the prejudices of the jury "would be to turn a court, where justice should be administered according to the rules of evidence and of law, into a town meeting." *Bennett* v. *State*, 86 *Ga.* 401, 405 (12 S. E. 806, 12 L. R. A. 449, 22 Am. St. R. 465). Our Supreme Court in condemning such arguments said: "The solicitor-general appointed to represent the interest of the State in the trial of offenders, does not occupy the position of counsel generally. His duty does not require him to insist upon the conviction of the accused unless the evidence is sufficient to authorize it. His office is quasi-judicial, and while it is his duty, if he honestly believes that the evidence shows the guilt of the accused, to insist upon his view before the jury and to use in his argument all his ability and skill in presenting the case as made by the pleadings and the evidence, still it is under no circumstances his duty either to go outside of the case and state facts not in evidence or to appeal to the passions or prejudices of the jury. . . While the State is the accuser in criminal cases, it will not permit its representatives to use unfair means against the accused, pending the trial, or to comment upon facts not put in evidence, or to make remarks calculated to prejudice the accused in the minds of the jurors." *Ivey* v. *State*, 113 *Ga.* 1062, 1063 (39 S. E. 423, 54 L. R. A. 959); see also *Berry* v. *State*, 10 *Ga.* 511 (6); *Mitchum* v. *State*, 11 *Ga.* 615 (7), 628; *Augusta &c. R. Co.* v. *Randall*, 85 *Ga.* 297 (6), 320 (11 S. E. 706), and cit.; *W. & A. R. Co.* v. *Cox*, 115 *Ga.* 715 (2) (42 S. E. 74). Especially in a close case are such arguments ground for a new trial. *Manning* v. *State*, 13 *Ga. App.* 709 (79 S. E. 905); *Mitchell* v. *State*, 17 *Ga. App.* 325 (4) (86 S. E. 737).

Special ground 2 of the motion for a new trial complains of the following argument of the solicitor to the jury: "Gentlemen of the jury, before you, as men of property and taxpayers in your community, acquit this defendant and turn him loose on the community, consider carefully the bad effect it will have in lowering the value of your property and endangering the community in which you live." The refusal of the court to rebuke the solicitor, or to instruct the jury to disregard such remarks, or to declare a mistrial, under the facts of this case, furnishes ground for a reversal, especially in view of the other remarks of the solicitor dealt with in the preceding division of this opinion. Each juror was sworn to do his duty and find the truth in the case regardless of the effect upon the jurors themselves or the values of their properties. Both the arguments of the solicitor were duly objected to, but the court refused to rebuke the solicitor or to declare a mistrial, and by so doing the trial judge impliedly gave his approval to the line of argument pursued by the solicitor. It is highly probable, in view of the uncertainty as to the identity of the chickens alleged to have been stolen, that the verdict of guilty was largely obtained because of these prejudicial statements of the solicitor in his argument to the jury.

The remaining special ground of the motion for a new trial complains of the refusal of the court to declare a mistrial because of additional remarks made by the solicitor in the presence of the jury about opposing counsel, but we deem it unnecessary to discuss that ground except to say that it shows further prejudicial statements to have been made in the jury's hearing, and not rebuked by the court. As stated by our Supreme Court in *Jesse* v. *State*, 20 *Ga*. 156, 169, "While the safety of society requires the faithful prosecution of offenders against the laws, the State does not ask their conviction but upon a calm and dispassionate investigation of the charges against them." A careful reading of the entire record in this case clearly shows that the guilt or innocence of the defendant was not the subject of a calm and dispassionate investigation, and the trial judge erred in overruling defendant's motion for a new trial.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*