STATE v. DAVID McNAIR.

(Filed 3 May, 1933.)

**Criminal Law I h—Court held to have properly met objection to argument of solicitor in this case.**

In this prosecution for murder committed in an attempt to rob, the solicitor in his argument to the jury referred to another case where a merchant in the same neighborhood was held up, robbed and murdered, and the perpetrators convicted. The trial court, upon objection by defendant, instructed the jury that counsel had a right to argue the law, but that the jury should take the law from the court and that they should not consider the facts in the case referred to by the solicitor. *Held*, the instruction was sufficient to meet defendant's objection, and his exception to the solicitor's argument is overruled.

APPEAL by defendant from *Stack, J.,* at January Term, 1933, of GUILFORD.

Criminal prosecution tried upon indictment charging the defendant, and another, with the murder of Mrs. J. W. McCown.

Verdict: Guilty of murder in the first degree.

Judgment: Death by electrocution.

Defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*A. Stacy Gifford and Caffey & Stanley for defendant.*

STACY, C. J. The record discloses that on 11 November, 1932, about seven o'clock in the evening, the defendant, a colored man, and two other Negroes, referred to as Slim and Sam, went to the McCown filling station on the High Point road, Guilford County, to stage a "stick-up" in order to get funds with which to "pitch a party" in Durham, according to the vernacular of the defendant and his confederates. In the melee that ensued, Mrs. J. W. McCown, wife of the proprietor, was killed by a shot from the prisoner's pistol, and the defendant was also shot, though not mortally wounded. Slim and Sam made their escape and have not been apprehended. The prisoner stands convicted of murder in the first degree.

The defendant admitted his presence in the filling station when the shooting took place, but contended that he was not a party to the conspiracy. He further testified that Slim shot the deceased, and that his only purpose in going in with his comrades was to get something to eat. He said the command to "stick 'em up," given either by Slim or Sam, was a surprise to him, and that immediately following, Slim and Sam

on the one side, and the proprietor and his wife on the other, opened fire upon each other, which resulted in his injury and Mrs. McCown's death.

The record contains a number of exceptions, but the only one, not thoroughly covered by prior adjudication, relates to the reference made by the solicitor in his closing argument to the *Andrews case* (*S. v. Donnell,* 202 N. C., 782, 164 S. E., 352), where a merchant in the same neighborhood was held up, robbed and murdered, and the perpetrators of the crime duly convicted and electrocuted. Counsel for the prisoner objected to the remarks of the solicitor; whereupon the court instructed the jury as follows:

"Gentlemen of the jury, lawyers have a right to argue the law as well as the facts before you. They have a right to discuss other cases, but the law in this case you will take from the court and apply to the facts in this case. Now, as to what were the facts in the *Andrews case* you will not consider. You will decide this case here according to the evidence in this case, and according to the law given you by the court."

This instruction differentiates the case from *S. v. Phifer,* 197 N. C., 729, 150 S. E., 353, cited and relied upon by defendant, and was sufficient, we think, to meet the prisoner's objection. *S. v. Tucker,* 190 N. C., 708, 130 S. E., 720, and cases there cited.

A careful scrutiny of the record leaves us with the impression that the sentence of death is the due command of the law, and that the verdict and judgment should be upheld. *S. v. Donnell, supra.* It is so ordered.

No error.