35200.   EMERSON *v.* THE STATE.

DECIDED JULY 7, 1954.

*Frank D. Holcomb, Harrison E. Allen,* for plaintiff in error.
*Luther Hames, Jr., Solicitor-General,* contra.

TOWNSEND, J.   The amended ground of the motion for new trial recites that, during the argument of counsel, the solicitor-general made the following argument in substance to the jury:

that there had been a large number of colored persons before the court during this term for various crimes, and it was the responsibility of the jurors to correct this situation by giving more severe sentences; that it was the duty of the jurors to back up law-enforcement officers; that the large number of colored persons before the court for stabbings and shootings could be stopped by the jury handing down heavy sentences. The court instructed the jury not to consider these remarks, and stated to the solicitor in their presence that the remarks were improper and his argument should be confined to the evidence of the case, and that he should not make further remarks of such nature. The movant avers that the injury done was not eradicated by these instructions and the rebuke of counsel.

"The misconduct of counsel [in this regard] may be such that its effect can not be overcome, and misconduct so prejudicial that the verdict of the jury must have been influenced thereby is not cured by an admonition to the jury; nor by sustaining an objection thereto; nor by rebuke or admonition of counsel; nor by withdrawal by counsel; but the court should grant a . . . mistrial." 64 C. J. 295, § 312. See Graham *v.* U. S., 231 U. S. 474 (34 Sup. Ct. 148, 58 L. ed. 319); *Collins Park &c. R. Co.* v. *Ware,* 112 *Ga.* 663 (37 S. E. 975); *City of Americus* v. *Gammage,* 15 *Ga. App.* 805 (84 S. E. 144); *Pelham & Havana R. Co.* v. *Elliott,* 11 *Ga. App.* 621 (75 S. E. 1062); *Central Ga. Power Co.* v. *Cornwell,* 143 *Ga.* 9 (84 S. E. 67); *Maddox* v. *Morris,* 110 *Ga.* 309 (35 S. E. 170); *Southern Ry. Co.* v. *Gentle,* 36 *Ga. App.* 11 (135 S. E. 105); *City of Rome* v. *Harris,* 12 *Ga. App.* 756 (78 S. E. 475); *Heinz* v. *Backus,* 34 *Ga. App.* 203 (128 S. E. 915); *Fitzgerald* v. *State,* 184 *Ga.* 19, 24 (190 S. E. 602). See also Code § 81-1009. From these cases, and others cited thereunder, the rule of law is clear that, where unwarranted and prejudicial remarks are made which do not refer to any matter in evidence in the case, and a motion for mistrial is based on such remarks, the court has the duty of eradicating the effect of the remarks from the jury's mind by ruling them out, reprimanding counsel, and instructing the jury to disregard them, and ordinarily this cures the error. If, however, the error is such that it can not be cured, and the effect can not be eradicated from the mind of the jury by such measures, a mistrial should be granted,

and under these conditions the refusal of the court to grant the mistrial would be an abuse of discretion. It is not the duty of the solicitor-general to insist upon the conviction of the accused unless the evidence is sufficient to authorize it, and it is under no circumstances his right or duty to go outside the case and state facts not in evidence, or to appeal to the passions or prejudices of the jury. *Ivey* v. *State,* 113 *Ga.* 1062, 1063 (39 S. E. 423, 54 L. R. A. 959). As stated in *Ralls* v. *State,* 87 *Ga. App.* 655, 659 (75 S. E. 2d 26): "The courts have consistently ruled that in close cases new trials will be granted on account of such improper and prejudicial occurrences and acts by the solicitor-general. *Manning* v. *State,* 13 *Ga. App.* 709 (79 S. E. 905); *Mitchell* v. *State,* 17 *Ga. App.* 325 (4) (86 S. E. 737); *Cliett* v. *State,* supra [46 *Ga. App.* 315, 317, 167 S. E. 610]."

The sole issue on the trial of a criminal case is the guilt or innocence of the accused. Whether or not other persons violate the laws of this State has no bearing upon whether the defendant here is guilty of the crime charged against her, and an appeal to the jury to back up law-enforcement officers by handing down heavy sentences can only be an unjustifiable appeal to the emotions of the jury calculated to destroy the fairness of the trial. In the present case, this court cannot say that the verdict of the jury finding the defendant guilty of assault with intent to murder was not influenced by this statement. To convict of assault with intent to murder all the elements of murder must be present save only the death of the victim, and if the crime is such that, had death ensued, it would have been manslaughter, a verdict of assault with intent to murder is unauthorized. *Bonner* v. *State,* 26 *Ga. App.* 185 (3) (105 S. E. 863). The evidence in this case was to the effect that the defendant and Annie Lee Scudders had had an argument, and Annie Lee had drawn a knife; that the defendant left and went to another place; that Annie Lee made threats against her which were communicated to her; that Annie Lee followed her to the Marietta Inn and the argument was resumed; that the defendant said, "I will kill you," but made no effort to assault her; that Annie Lee then grabbed the defendant by the throat and choked her; that the defendant hit her assailant over the head with a beer bottle, broke loose, and then immediately cut her on the neck with a piece of glass. Un-

der this evidence, it would certainly be an extremely close case as to whether, if the victim had died, the offense would have been murder or manslaughter. Code §§ 26-1002, 26-1007.

Under all of these circumstances, an argument urging the jury to give more severe sentences because of the large number of colored persons appearing before the court charged with various crimes, and to cut down the number of stabbings and shootings by means of heavy sentences, was so prejudicial that the court, on motion timely made, should have declared a mistrial.

The court erred in denying the motion for new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*