17848

STATE, Respondent, v. Fred G. DAVIS, Appellant

(122 S. E. (2d) 633)

*Messrs. Ben S. Carter* and *W. Brantley Harvey,* of Beaufort, *for Appellant,*

*Randolph Murdaugh, Esq., Solicitor,* of Hampton, *for Respondent,*

November 14, 1961.

LEGGE, Justice.

At the regular term of the Court of General Sessions for Beaufort County, convened on June 22 and adjourned on June 25, 1959, a true bill was returned on an indictment charging appellant with rape. On the first day of a special term of that court, convened on June 29, 1959, he was tried and convicted; and thereafter, on July 2, 1959, his motion for new trial having been denied, he was sentenced to death. His appeal charges error:

1. In that notice of the order calling the special term and of the drawing of the jury for that term had been published less than ten days prior to the convening of that term;

2. In that the trial judge permitted the solicitor, in his examination of the prosecutrix, to ask leading questions;

3. In the admission of certain testimony; and

4. In improper and prejudicial argument by the solicitor.

In the light of the circumstances of the trial, apparent from the record, we shall consider first the charge directed to the solicitor's argument before the jury. Appellant, a white man twenty-four years old, serving in the armed forces of the United States and stationed at the Marine

Corps Air Base near Beaufort, was charged with having raped a Negro woman forty-seven years old, at about eleven o'clock at night, in the bushes alongside one of the public streets of the city. At the same term of the court at which the grand jury acted upon the indictment against him, it also returned a true bill on an indictment charging one Israel Sharpe, a Negro, with assault with intent to ravish a young white woman, the wife of a member of the armed forces. As before mentioned, appellant was tried on the opening day of the special term, June 29. On the following day Sharpe was tried and convicted and thereafter, on July 2, he was sentenced to death.

At the trial of this case, as in the trial of Sharpe that followed it, a large number of spectators was present; the comments of the trial judge after sentencing appellant indicate that there had been considerable discussion in the press concerning this case; the record of the trial reveals that newspaper photographers and television cameramen from distant cities were permitted to take pictures in the courtroom during the trial of both this and the *Sharpe case,* a practice our disapproval of which, expressed in the opinion in *State v. Sharpe,* S. C., 122 S. E. (2d) 622, need not be reiterated here. One would be naive indeed not to recognize that the pendency of these two cases, for trial at the same special term, was a matter of unusual interest to the people of Beaufort County, and that justice to each of these defendants clearly demanded that his trial be conducted calmly, dispassionately and, above all, without emotional appeal.

Appellant charges, and the State does not deny, that in his closing argument to the jury the solicitor made the following statement:

"I have one or more similar cases to the one being tried, to be brought up later in this court, and if you turn this defendant loose you might as well be turning these other defendants loose also, because if you turn this man loose I'm going to turn the others loose."

·The reference was obviously to the impending trial of ■ Sharpe; and the plain threat was a *nolle prosequi* in that case. In the circumstances before detailed, it would be hard to conceive of a statement more likely to excite the emotions of the jury and to coerce a conviction. The solicitor should prosecute vigorously; he must prosecute fairly, for the concern of the State, whose representative he is, is not that a defendant shall be convicted, but that justice shall be done. *State v. McGill,* 191 S. C. 1, 3 S. E. (2d) 257; *State v. King,* 222 S. C. 108, 71 S. E. (2d) 793; *Berger v. United States,* 295 U. S. 78, 55 S. Ct. 629, 79 L. Ed. 1314; *Viereck v. United States,* 318 U. S. 236, 63 S. Ct. 561, 87 L. Ed. 734.

Upon such argument, appellant's counsel would have ■ been fully justified had he moved for an order discharging the jury and declaring a mistrial. He did not do so, but objected to "this line of talk" as having nothing to do with the issues in the case being tried. And the trial judge, agreeing, stated to counsel that the case would be tried from the evidence as adduced on the witness stand and the law as given by the trial judge to the jury, and that no other case had anything to do with it. We gravely doubt that the evil influence upon the jury of the solicitor's statement before quoted was dispelled by so weak a protest and by such mild judicial action. Being thus in doubt, we must reverse the judgment and remand this case for a new and fair trial, free from improper influences. *Cf. Berger v. United States, supra.*

The question presented by the first assignment of error is now academic and is not likely to arise again ■ in the next trial. We do not decide it, but note in passing that statutes prescribing the time and manner of drawing jurors are directory, not mandatory, and that irregularity in that-regard affords no basis for quashing the venire, absent a showing of prejudice. *State v. Smith,* 200 S. C. 188, 20 S. E. (2d) 726; *State v. Harreld,* 228 S. C.

311, 89 S. E. (2d) 879; *State v. Livingston,* 233 S. C. 400, 105 S. E. (2d) 73.

The remaining questions we shall discuss briefly in order that our view of them may serve as a guide should either of them arise in the course of the new trial.

By his second assignment of error appellant charges ■ that the trial judge erred in permitting the solicitor to ask leading questions of the prosecuting witness in bringing out from her the details of her encounter with appellant. We think it unnecessary to set out the offending questions verbatim; suffice it to say that in the course of her examination in chief the prosecutrix was asked whether she had made an outcry, whether the defendant had dragged her, whether he had threatened her, what he had said in the course of his attack, and what he had said on the following day to the sheriff in her presence as to why he had had intercourse with her. That timely objection was not made to any of these questions does not deter us from considering them now, this being a capital case; but it suggests that appellant's counsel himself did not then think them prejudicial. Had timely objection been made and overruled we could not say that their admission was erroneous, for the trial judge has wide discretion in such matters, *State v. Outen,* 237 S. C. 514, 118 S. E. (2d) 175; and this court should be slow to reverse where the issue relates only to the form of the question and the witness was, as here, ignorant, illiterate, and under nervous strain.

Sheriff McTeer, in the course of recounting an oral confession made to him by the appellant, testified, over objection, that appellant had stated: (1) that when the sex urge was upon him he had to gratify it even though to do so might involve rape, as he could not control it; and (2) that on a previous occasion, while he was on leave in Atlanta, he had grabbed two different girls one night, but that both of them had screamed and he had been unable to accomplish his purpose. The first of these statements suggests an abnormal sex-

ual instinct; the second, while exemplifying such abnormality, related not to the crime with which appellant was charged, but to other, independent offenses.

In a rape case, where intercourse is admitted, identity ██ is not in question, and the only issue is consent, evidence of other, independent offenses is not admissible. *State v. Brooks,* 235 S. C. 344, 111 S. E. (2d) 686; *Lovely v. United States* (C. A. 4), 169 F. (2d) 386. The portion of a'ypellant's confession relating to his offenses in Atlanta shou d have been eliminated, preferably in advance of the witn ss' testimony before the jury, as was done in *State v. Oute i, supra.* Since no preliminary inquiry concerning the confe.ssion was had in the case at bar, the trial judge could only, as he did, instruct the jury that evidence of such other offenses had no bearing on the defendant's guilt in this case. Upon the next trial, testimony as to those offenses should not be presented.

Sergeant Hartley, of the United States Marine ██ Corps, on shore patrol duty on the night in question, testified that while he was standing at the front of Al's Steak House, five or six blocks from the place of the alleged crime, appellant came running to him and said that two colored boys were pursuing him; that the witness put appellant behind him and then the two colored boys came up, running, and stated that appellant had thrown a colored woman down in the bushes; that this statement was made in the presence of appellant, who thereupon flatly denied the charge. Hartley's testimony as to the statement made by the two boys (whom he identified at the trial as James Davis and Kenneth Singleton) was hearsay. Under some circumstances the accused's reaction to an accusatory statement made in his presence by a person other than the witnesss may render the latter's testimony concerning such statement admissible as justifying inference that the accused admitted the truth of the accusatory statement. *State v. Sudduth,* 74 S. C. 498, 54 S. E. 1013; *State v. Goodwin,* 127 S. C. 107, 120 S. E. 496; *State v. Hester,* 137 S. C. 145, 134 S. E. 885; *Kelley*

*v. United States,* 99 U. S. App. D. C. 13, 236 F. (2d) 746. Stated otherwise, the accused may by his conduct be estopped to challenge the competency of such testimony. But it is not rendered admissible otherwise than through such estoppel, for which no basis appears here. And its prejudicial effect in the case at bar is emphasized by the fact that both Davis and Singleton testified before Hartley did, and their testimony contains no suggestion that either of them saw appellant throw the prosecutrix down. On the contrary, they both testified that while walking together on Boundary Street they saw appellant and a colored woman (the prosecutrix, who proved to be Davis' cousin) under the bushes; that appellant was getting up and was adjusting his trousers; and that upon their approach he ran and they followed, catching up with him at Al's Steak House, where Sergeant Hartley was. Nor did either Davis or Singleton testify that either of them had stated to Hartley that appellant had thrown the prosecutrix down.

Reversed and remanded.

TAYLOR, C. J., and OXNER, Moss and LEWIS, JJ., concur.