19973

The STATE, Respondent, v. Douglas DURDEN, Appellant

(212 S. E. (2d) 587)

*Thomas F. Allgood, Esq.,* of *Allgood & Childs,* Aiken, *for Appellant,*

*Messrs. C. LaVaun Fox, Sol.,* of Aiken, and *Daniel R. McLeod, Atty. Gen., Robert M. Ariail, Asst. Atty. Gen.,* and *Joseph R. Barker, Staff Atty.,* of Columbia, *for Respondent,*

March 13, 1975.

LITTLEJOHN, Justice:

Douglas Durden, the appellant, was tried for murder and convicted of voluntary manslaughter, resulting in a sentence of 20 years imprisonment.

He killed Dalmer Jackson Carter, who was the former husband of his (appellant's) common law wife, by shooting him two times with a 25 caliber pistol. The killing occurred when the deceased came to the residence of the appellant and his common law wife for the purpose of returning his children to their mother after he had exercised his visitation rights. Shortly thereafter, appellant asked the deceased to step outside. The details of what happened are in conflict, but an altercation ensued, resulting in the appellant's shooting the deceased. He died sixteen days later from the wounds.

In this appeal the appellant asks for a new trial, alleging prejudicial errors on the part of the trial judge in the conduct of the trial in three particulars:

"1. In refusing to admit into evidence a shirt worn by appellant's counsel and marked, during cross-examination, with a pencil by a medical doctor to indicate the points at which the bullets entered the body of the deceased;

"2. In refusing to declare a recess so that counsel for the appellant would have time to obtain a witness to rebut a reply witness called by the State; and

"3. In refusing to grant a mistrial because of the solicitor's closing argument to the jury."

## QUESTION NO. 1

During the trial the doctor who had treated the deceased described to the jury the point of entry of the two bullets into the body of the deceased person. On cross-examination appellant's counsel asked the doctor to mark on his own (appellant's counsel's) shirt the location of the fatal wounds of the deceased. The next day appellant's counsel attempted to introduce the shirt into evidence. The solicitor interposed an objection which the judge sustained.

Appellant submits that the admission of the shirt into evidence was vital to his proof of self-defense. He argues

that since the doctor was an expert, and since he was the only one who could indicate the location of the wounds with a degree of certainty, the refusal to admit the shirt into evidence required the jury to speculate on a matter about which they could have been certain.

We find no prejudicial error in exclusion of the shirt as an exhibit. Appellant's counsel has failed to point out wherein the appellant suffered prejudice. The location of the bullet wounds was not in contest and counsel admitted as much in oral argument. It is obvious from the record that the doctor clearly described to the jury the point of entry of the two bullets. Introduction of the shirt was cumulative at most on a fact which was not in dispute.

## QUESTION NO. 2

It would appear that appellant's common law wife testified that she had on occasions called the police to their home because of rowdy conduct of the deceased on her premises. In reply the State called a police officer who denied this testimony and testified, "There have been no calls on Mr. Carter [the deceased]." Thereafter, counsel for the appellant requested of the judge a recess so that he could procure one of appellant's neighbors to counter the reply testimony of the police officer. This witness lived several miles from the Aiken County Courthouse in the town of New Ellenton. The request for a recess was denied. In such matters the trial judge is vested with a discretion. *State v. Simmons,* 208 S. C. 538, 38 S. E. (2d) 705 (1946); and *Goethe v. Browning,* 146 S. C. 7, 143 S. E. 362 (1928). The reply testimony was made necessary by the evidence which the appellant had submitted. The reply testimony did not go beyond a refutation of that which the appellant's witness had asserted. It can hardly be argued that the appellant's counsel was taken by surprise. The recess was requested for the purpose of trying to fortify the appellant's own evidence, and was at most corroborative. We find no error.

## QUESTION NO. 3

While the solicitor was arguing to the jury for conviction, counsel for the appellant interrupted to object to the argument.

The record reflects the following:

"THE COURT: What aspects of the argument are improper?

"MR. ALLGOOD [defense counsel] : His argument to the effect that this jury is obligated to serve notice on others and what they do in this case will serve as a deterrent to others. And his argument that if they turn every man loose simply because you are afraid of convicting an innocent man, you're not doing your job. Those statements, first of all, are contrary to the principle of law in this case; and secondly, to say what effect the outcome of this case will have in other areas is highly prejudicial, and I move for a mistrial.

"THE COURT: All right, motion denied. I think the argument in general is proper within the broad range and latitude of argument allowed by the court. I think to a limited extent, you may continue your argument in this regard, Solicitor."

Counsel submits that this argument, coupled with the judge's ruling and comment, was prejudicial, requiring a mistrial and warranting a new trial at the hands of this Court.

This Court, in *State v. White,* 246 S. C. 502, 144 S. E. (2d) 481 (1965), has recognized that the trial judge is allowed a wide discretion in dealing with the range and propriety of argument of the solicitor to the jury, and ordinarily his rulings on such matters will not be disturbed. It is difficult for this Court to delicately evaluate the impact of the argument complained of, because we do not have before us the full argument or the evidence, and

do not know in what overall context the argument was made. On the other hand, the trial judge heard all of the evidence and heard the entire argument, and he was in a much better position to weigh the effect and possible prejudice. A new trial should not be granted unless the appellant shows that there has been an abuse of discretion.

This Court, on numerous occasions, has held that the duty of a solicitor is not to convict a defendant, but to see that justice is done. At the same time, the solicitor should prosecute vigorously. *State v. Davis,* 239 S. C. 280, 122 S. E. (2d) 633 (1961). Closing arguments have been held improper when they have appealed to personal bias, or when they have aroused passion and prejudice. *State v. White, supra.*

In 23A C. J. S. Criminal Law § 1107, closing arguments, similar to that of the solicitor in this case, are discussed as follows:

"So long as he stays within the record and its reasonable inferences, the prosecuting attorney may legitimately appeal to the jury to do their full duty in enforcing the law, or to return the verdict which he conceives it to be their duty to return under the evidence, and may employ any legitimate means of impressing on them their true responsibility in this respect, as by stating that a failure to enforce the law begets lawlessness. Thus, he may in effect tell them that the people look to them for protection against crime, and may illustrate the effect of their verdict on the community or society generally with respect to obedience to, and enforcement of, the law; he has the right to dwell on the evil results of crime and to urge a fearless administration of the criminal law; and he may ask for a conviction, or assert the jury's duty to convict. He may argue with reference to any matter which the jurors may properly consider in arriving at their verdict, and may point out as well the matters which they should not consider."

The test of granting a new trial for alleged improper closing argument of counsel is whether the defendant was prejudiced to the extent that he was denied a fair trial. The burden of proving that the appellant did not receive a fair trial is upon the appellant himself. We are not convinced that he has met the burden of proof, and accordingly the judgment of the lower court is

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and NESS, JJ., concur.

BUSSEY, Justice (concurring) :

I concur in the opinion of Mr. Justice Littlejohn, but deem further comment appropriate as to question number three. There is abundant persuasive authority from other jurisdictions indicating that the latitude allowed a prosecutor in arguing before a jury is not nearly so broad as indicated by the text in 23A C. J. S. Criminal Law § 1107, quoted in the opinion of Mr. Justice Littlejohn, and there are numerous decisions holding arguments similar to that allegedly made by the prosecutor in this case to be improper. See for instance, *Emerson v. State,* 90 Ga. App. 323, 82 S. E. (2d) 882 and *State v. Phifer,* 197 N. C. 729, 150 S. E. 353.

Whether or not an argument is prejudicially erroneous depends in large measure upon the precise language used by the prosecutor and the context in which the utterances are made. We have the benefit of neither in the present case, nor of the trial transcript, and I am not convinced of any prejudicial error. On the other hand, I do not think this Court should go on record as approving the propriety of the argument allegedly made, such to my mind being *prima facie* improper.

It is not amiss, I think, to call attention to the pertinent provisions of the American Bar Association Project on Standards for Criminal Justice relating to the argument of the prosecutor to the jury. Such appear to be supported by the better reasoned decisions from other jurisdictions. I

quote the following from page 126 of the "Approved Draft, 1971."

"5.8 Argument to the jury.

\* \* \*

(d) The prosecutor should refrain from argument which would divert the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law, or by making predictions of the consequences of the jury's verdict."