THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Travis
 Washington, Appellant.
 
 
 
 
 

Appeal From Bamberg County
Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2010-UP-364
 Submitted June 1, 2010  Filed July 14,
2010

AFFIRMED

 
 
 
 Appellate Defender Elizabeth A. Franklin-Best,
 of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, and Senior Assistant Attorney General Harold
 M. Coombs, all of Columbia; and Solicitor Benjamin R. Moore, of Aiken, for
 Respondent.

 
 

PER CURIAM:   Travis
 Washington was convicted of simple assault and battery, possession with intent
 to distribute marijuana, and possession with intent to distribute marijuana
 within proximity of a school.  On appeal, Washington argues (1) the trial judge's
 remarks during voir dire and his interaction with witnesses showed bias against Washington and prejudiced him and (2) the
 trial judge erred in allowing the State's comment about "standing up"
 for the victim by asking the jury to find him guilty of assault and battery of
 a high and aggravated nature (ABHAN) during its closing argument.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following
 authorities:
1.  As to whether the
 trial judge's remarks during voir dire and his interactions with witnesses showed
 bias against Washington and prejudiced him: State v. Charron, 351 S.C. 319, 328, 569 S.E.2d 388, 393 (Ct. App. 2002)
 (holding in order to preserve an issue of the trial judge's partiality for
 appellate review, an objection must be lodged when the facts first become
 known) (quoting Butler v. Sea Pines
 Plantation Co., 282 S.C. 113, 122-23, 317 S.E.2d 464, 470 (Ct. App. 1984)
 ("Generally, where bias and prejudice of a trial judge is claimed, the
 issue must be raised when the facts first become known.")).
2. As to whether the trial judge erred in allowing the
 State's comment about "standing up" for the victim during its closing
 argument, we note Washington was not convicted of ABHAN: Brown v. State, 383 S.C. 506, 516, 680 S.E.2d 909, 915 (2009) ("Improper comments do
 not automatically require reversal if they are not prejudicial to the defendant, and the appellant has the burden of
 proving he did not receive a fair trial because of the alleged improper
 argument.") (quotation marks and citation omitted); State v.
 Durden, 264 S.C. 86, 91, 212 S.E.2d 587, 590 (1975) ("[T]he trial
 judge is allowed a wide discretion in dealing with the range and propriety of
 argument of the solicitor to the jury, and ordinarily his rulings on such
 matters will not be disturbed.").
AFFIRMED.
FEW, C.J.,
 KONDUROS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.